STATE OF MISSOURI, at the Relation of SOUTHERN RAILWAY COMPANY, a Corporation, Relator, v. WALDO C. MAYFIELD, Judge of the Circuit Court of the City of St. Louis, Missouri, and His Successors, as Presiding Judge of Said Court, Respondent.

STATE OF MISSOURI ex rel. THE ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, a Corporation, Relator, v. THE HONORABLE DAVID J. MURPHY, Judge of the Circuit Court of the City of St. Louis, Missouri, and His Successors, as Presiding Judge of Said Court, Respondent, Nos. 41461 and 41558—224 S. W. (2d) 105.

Court en Banc, October 10, 1949.

Rehearing Denied, November 14, 1949

*John H. Lathrop, Sam D. Parker, Donald H. Sharp, Walter R. Mayne,* and *Fred W. Schwarz* for relator Atchison, Topeka & Santa Fe Railway Company.

*Kramer, Campbell, Costello & Wiechert, Fordyce, White, Mayne, Williams & Hartman, F. W. Schwarz* and *Thomas Rowe Schwarz* for relator Southern Railway Company.

*Joseph B. McGlynn* and *Roberts P. Elam* for respondent Waldo C. Mayfield, Judge. *Harvey B. Cox* and *Roberts P. Elam* for David J. Murphy, Judge; *Jerome F. Duggan, William F. Smith* and *Cox & Cox* of counsel.

830

*Tyree C. Derrick* pro se and *Karl E. Holderle, Jr.,* amicus curiae.

TIPTON, J.—These two cases involve identical issues and for that reason they were consolidated for argument before this court. They are original proceedings in mandamus to compel the trial court to use discretion in passing on relators' motions to dismiss these actions brought under the Federal Employers' Liability Act. The trial court (William L. Mason, deceased) denied the motions on the sole ground that in his opinion the court had no jurisdiction or discretion to entertain or grant them.

Relator Southern Railway Company was sued by Lelia M. Blevins, Administratrix, in the circuit court of the city of St. Louis for $100,000 for the death of her husband, based on the Federal Employers' Liability Act. This relator filed a motion to dismiss this action on the ground of inappropriate forum within the doctrine of *forum non conveniens.* This motion alleged that the plaintiff was a resident of Tennessee and was appointed administratrix of the estate of her husband by a Tennessee probate court, and that her husband was also a resident of that state at the time of his death. The motion further stated that this relator was a Virginia corporation and that the alleged acts of negligence took place near the boundary line between the states of Virginia and Tennessee, some 700 miles from St. Louis. It further emphasized the ▮▮▮▮ added expense of trying the case in St. Louis rather than at or near the place the alleged cause of action arose and where the parties and witnesses resided.

Floyd P. Seachris filed suit in the circuit court of St. Louis against the relator, the Atchison, Topeka and Santa Fe Railroad Company, under the Federal Employers' Liability Act, for alleged injuries he received at Waynoka, Oklahoma. This relator also filed a motion to dismiss that action under the doctrine of *forum non conveniens.* The facts alleged in this motion are similar to the facts alleged by the relator, the Southern Railway Corporation, except in this instance it is alleged that Waynoka is 647 miles from St. Louis.

As previously stated, the trial court denied these motions. The ground for the denial of each of these motions was that the "Court has no jurisdiction or discretion to entertain or grant such a motion."

The sole question before us is: May a trial judge of a circuit court of this state exercise his judicial discretion in determining whether to retain or relinquish jurisdiction of a case brought under the Federal Employers' Liability Act when a motion to dismiss on the sole ground of *forum non conveniens* is presented before him for a ruling?

In the case of Gulf Oil Corporation v. Gilbert, 330 U. S. 501, 91 L. Ed. 1055, 67 S. Ct. 839, 1. c. 841-842, the Supreme Court of the United States said:

"It is true that in cases under the Federal Employers' Liability Act, 45 U. S. C. A. § 51 et seq., we have held that plaintiff's choice

of a forum cannot be defeated on the basis of *forum non conveniens.* But this was because the special venue act under which those cases are brought was believed to require it. Baltimore & Ohio R. Co. v. Kepner, 314 U. S. 44, 62 S. Ct. 6, 86 L. Ed. 28, 136 A. L. R. 1222; Miles v. Illinois Central R. Co., 315 U. S. 698, 62 S. Ct. 827, 86 L. Ed. 1129, 146 A. L. R. 1104. Those decisions do not purport to modify the doctrine as to other cases governed by the general venue statutes.''

That court upheld the Federal District Court of New York when it dismissed the plaintiff's suit on the ground that the doctrine of *forum non conveniens* applied. But that action was brought under the general venue statute. It was not a Federal Employers' Liability case.

In the case of Ex Parte Collett, 337 U. S. 55, 69 S. Ct. 944, 93 L. Ed. (Adv. Sheets) 901, l. c. 903 and 904-905, the Supreme Court of the United States said:

''Prior to the current revision of title 28 of the United States Code, *forum non conveniens* was not available in Federal Employers' Liability Act suits. Baltimore & O. R. Co. v. Kepner, 314 U. S. 44, 86 L. ed. 28, 62 S. Ct. 6, 136 A. L. R. 1222 (1941); Miles v. Illinois C. R. Co., 315 U. S. 698, 86 L. ed. 1129, 62 S. Ct. 827, 146 A. L. R. 1104 (1942); see Gulf Oil Corp. v. Gilbert, 330 U. S. 501, 505, 91 L. ed. 1055, 1060, 67 S. Ct. 839 (1947). The new Code, however, provides that 'For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.' This is § 1404 (a).''

''Section 6 of the Liability Act defines the proper forum; § 1404 (a) of the Code deals with the right to transfer an action properly brought. The two sections deal with two separate and distinct problems. Section 1404 (a) does not limit or otherwise modify any right granted in § 6 of the Liability Act or elsewhere to bring suit in a particular district. An action may still be brought in any court, state or federal, in which it might have been brought previously.

''The Code, therefore, does not repeal § 6 of the Federal Employers' Liability Act.''

Section 1404 (a), supra, became effective September 1, 1948, and applies only to civil suits brought in the federal courts. It has no application to Federal Employers' Liability suits brought in state courts. We have no machinery to transfer these two cases, one to the state or federal courts of Tennessee and the other to the courts of Oklahoma. Relators do not contend that this section applies to the problem before us. They do not ask that the two suits in question be transferred but they rely upon the common law doc-

trine of *forum non conveniens* which calls for a dismissal of the action.

"While the substantial factors to be weighed in determining a motion under Section 1404 (a) may be similar to those involved in a consideration of forum non conveniens, yet it seems clear that transfer under Section 1404 (a) is something more than and somewhat different from dismissal under forum non conveniens. In the first place, the procedure to be followed in affirmatively invoking the two remedies is drastically different. Under Section 1404 · (a) a case is not dismissed but merely transferred to the more convenient forum; under forum non conveniens a case is dismissed and must be instituted anew in the more convenient forum, carrying with it the inherent and jeopardous hazard of being barred therein by the statute of limitations. The danger of having the action barred in such a manner was one of the principal reasons for Mr. Justice Black's dissent in Gulf Oil Corp. v. Gilbert, 1947, 330 U. S. 501, 516 [15 L. W. 4315].

"The doctrine of forum non conveniens has been held inapplicable to cases instituted under 'special venue' statutes, such as actions arising under the Federal Employers' Liability Act and the antitrust laws. Such types of cases may be transferred under Section 1404 (a), however. Ex parte Collett, 1949 * * * 17 U. S. L. W. 4453; United States v. National City Lines, 1949, * * * 17 U. S. L. W. 4459. In this respect, then, the two remedies are also different." U. S. D. C., Del. (Rodney, J.); Cinema Amusements, Inc. v. Loew's, Inc., June 10, 1949, 18 U. S. L. W. 2021.

Thus, with reference to Federal Employers' Liability actions brought in state courts the law is the same now as it was before Section 1404 (a) was enacted.

The case of Baltimore and Ohio R. Co. v. Kepner, 314 U. S. 44, 86 L. Ed. 28, 62 S. Ct. 6, 1. c. 9-10, was a suit brought in a state court of Ohio against an injured resident employee of the Baltimore and Ohio Railroad to enjoin him from prosecuting a suit he instituted in the United States District Court of New York under the Federal Employers' Liability Act for an injury he received in the State of Ohio. The Supreme Court of Ohio denied the injunction. Upon application of the railroad, the Supreme Court of the United States issued its writ of certiorari to review the Ohio decision. In affirming the decision of the Supreme Court of Ohio, that court said:

"The real contention of petitioner is that despite the admitted venue respondent is acting in a vexatious and inequitable manner in maintaining the federal court suit in a distant jurisdiction when a convenient and suitable forum is at respondent's doorstep."

"We read the opinion of the Supreme Court of Ohio to express the view that if it were not for Section 6 of the Employers' Liability Act the requested injunction would be granted on the undisputed

facts of the petition. Section 6 establishes venue for an action in the federal courts. As such venue is a privilege created by federal statute and claimed by respondent the Supreme Court of Ohio felt constrained by the Supremacy Clause to treat Section 6 as decisive of the issue. It is clear that the allowance or denial of this federal privilege is a matter of federal law, not a matter of state law under Erie Railroad Co. v. Tompkins, 304 U. S. 64, 72, 58 S. Ct. 817, 819, 82 L. Ed. 1188, 114 A. L. R. 1487. Its correct decision depends upon a construction of a federal act. Consequently the action of a state court must be in accord with the federal statute and the federal rule as to its application rather than state statute, rule or policy.

"Petitioner presses upon us the argument that the action of Congress gave an injured railway employee the privilege of extended venue, subject to the usual powers of the state to enjoin what in the judgment of the state courts would be considered an improper use of that privilege. This results, says petitioner, because the Act does not in terms exclude this state power. As courts of equity admittedly possessed this power before the enactment of Section 6, the argument continues, it is not to be lightly inferred that the venue privilege was in disregard of this policy. But the federal courts have felt they could not interfere with suits in far federal districts where the inequity alleged was based only on inconvenience. There is no occasion to distinguish between the power and the propriety of its exercise in this instance since the limits of the two are here co-extensive. The privilege was granted because the general venue provisions worked injustices to employees. It is obvious that no state statute could vary the venue and we think equally true that no state court may interfere with the privilege, for the benefit of the carrier or the national transportation system, on the ground of inequity based on cost, inconvenience or harassment. When the section was enacted it filled the entire field of venue in federal courts. A privilege of venue granted by the legislative body which created this right of action cannot be frustrated for reasons of convenience or expense. If it is deemed unjust, the remedy is legislative, a course followed in securing the amendment of April 5, 1910, for the benefit of employees."

The case of Miles v. Illinois Central R. Co., 315 U. S. 698, 86 L. Ed. 1129, 62 S. Ct. 827, l. c. 830-831, was a suit to review the action of the Tennessee Court of Appeals which had enjoined the plaintiff, a resident of Tennessee, from prosecuting a suit under the Federal Employers' Liability Act in the circuit court of St. Louis, Missouri, for the death of her husband which occurred in Tennessee while working for the railroad. In ruling the case the court said:

"In the legislative history of section 6, the provision that removal may not be had from a 'State court of competent jurisdiction' was added to the House bill on the floor of the Senate and later accepted

by the House, in order to assure a hearing to the employee in a state court. Words were simultaneously adopted recognizing the jurisdiction of the state courts by providing that the federal jurisdiction should be concurrent. The venue of state court suits was left to the practice of the forum. The opportunity to present causes of action arising under the F. E. L. A. in the state courts came, however, not from the state law but from the federal. By virtue of the Constitution, the courts of the several states must remain open to such litigants on the same basis that they are open to litigants with causes of action springing from a different source. This is so because the Federal Constitution makes the laws of the United States the supreme law of the land, binding on every citizen and every court and enforceable wherever jurisdiction is adequate for the purpose.''

''Since the existence of the cause of action and the privilege of vindicating rights under the F. E. L. A. in state courts spring from federal law, the right to sue in state courts of proper venue where their jurisdiction is adequate is of the same quality as the right to sue in federal courts. It is no more subject to interference by state action than was the federal venue in the Kepner case.''

''The permission granted by Congress to sue in state courts may be exercised only where the carrier is found doing business. If suits in federal district courts at those points do not unduly burden interstate commerce, suits in similarly located state courts cannot be burdensome. As Congress has permitted both the state and federal suits, its determination that the carriers must bear the incidental burden is a determination that the state courts may not treat the normal expense and inconvenience of trial in permitted places, such as the one selected here, as inequitable and unconscionable.''

Thus, it is clear that under the Kepner and Miles cases, supra, a state court cannot dismiss a Federal Employers' Liability case solely under the *forum non conveniens doctrine.*

''*The Federal Employers' Liability Act, as interpreted by Kepner, increases the number of places where the defendant may be sued and makes him accept the plaintiff's choice.*'' (Italics ours.) Gulf Oil Corporation v. Gilbert, supra, 67 S. Ct. 839, l. c. 842.

Relators rely mainly upon the case of Douglas v. New York, N. H. & H. R. Co., 279 U. S. 377, 73 L. Ed. 747, 49 S. Ct. 355. In that case a resident of Connecticut brought a suit in a state court of New York under the Federal Employers' Liability Act against the defendant, a Connecticut corporation, for personal injuries inflicted in Connecticut. The trial court dismissed the action under a statute which it held gave it discretion in suits brought by non-resident plaintiffs. The trial court action was affirmed by the New York Court of Appeals. This was the statute in question: ''An action against a foreign corporation may be maintained by another foreign corporation, or by a non-resident, in one of the following cases only:

\* \* \* 4. Where a foreign corporation is doing business within this State.''

The Supreme Court of the United States held that this statute was not in violation of Article 4, Section 2, of the Constitution of the United States, as discriminating between citizens of New York and citizens of other states when construed as using the word ''resident'' in the strict primary sense of one actually living in the place for a time, irrespective of domicile. Such was the construction placed upon this statute by the New York Court of Appeals. It also held that state courts are not required to entertain suits under the Federal Employers' Liability Act but are empowered to do so.

We do not think this case sustains the relator. The common law doctrine of *forum non conveniens* is not even mentioned in the opinion. In the first place, Missouri does not have a statute similar to the New York statute which the courts of that state have held to give them discretionary power to dismiss an action brought by a non-resident as distinguished from a citizen of another state. Also, Missouri permits citizens of this state to file Federal Employers' Liability cases in its courts. To deny the same privilege to citizens of another state would violate Article 4, Section 2, of the Constitution of the United States:

Relators also rely upon the case of Chambers v. Baltimore & Ohio Railroad Co., 207 U. S. 142, 28 S. Ct. 34, l. c. 36, 52 L. Ed. 143. In that case the wife of an employee brought suit in a state court of Ohio for injuries received by her husband in Pennsylvania which caused his death. Both the husband and wife were residents of the latter state. The court held that an Ohio statute which permits suits in Ohio state courts for wrongful death occurring in another state only when the decedent was a citizen of Ohio did not violate the Privileges and Immunity Clause of the Federal Constitution (Article 4, Section 2). In ruling the case, that court said:

''The courts were open in such cases to plaintiffs who were citizens of other states if the deceased was a citizen of Ohio; they were closed to plaintiffs who were citizens of Ohio if the deceased was a citizen of another state. So far as the parties to the litigation are concerned, the state, by its laws, made no discrimination based on citizenship, and offered precisely the same privileges to citizens of other states which it allowed to its own. There is, therefore, at least a literal conformity with the requirements of the Constitution.''

The opinion in the Chambers case deals only with the constitutionality of a state statute; it does not mention the Federal Employers' Liability Act nor the doctrine of *forum non conveniens*. This state does not have any such statute. We fail to see its applicability to the issue before us.

The Federal Employers' Liability Act does not compel the courts of this state to hear cases arising under that act, but it empowers our courts to do so.

Since Missouri does allow its citizens to maintain Federal Employers' Liability actions in its courts, (see the many such cases listed in the Missouri Digest) it follows that not to allow citizens of other states the right· to file Federal Employers' Liability suits in our state courts would violate Article 4, Section 2, of the Constitution of the United States.

The relators do not contend that the circuit court of St. Louis does not have jurisdiction of the parties or of the subject matter of these two suits, or that there is any state statute that would prohibit maintaining these suits in our state courts, but their sole contention is that the common ▆▆▆ law doctrine of *forum non conveniens* should be open to them in these cases. Under the Kepner and Miles cases, supra, the doctrine of *forum non conveniens* is not open to relators in the two Federal Employers' Liability cases in question.

Respondents also contend that under our Constitution and statutes the doctrine of *forum non conveniens* cannot be recognized in Missouri. Since we have already ruled the trial court had no discretion in· Federal Employers' Liability cases, it is not necessary to discuss the Missouri law upon that subject.

From what we have said, it follows that our writ should be quashed. It is so ordered. All concur.