## MISSOURI EX REL. SOUTHERN RAILWAY CO. *v.* MAYFIELD, CIRCUIT COURT JUDGE.

NO. 15.

Argued October 16, 1950.—Decided November 6, 1950.

1

2

*Floyd E. Thompson* argued the cause for petitioners. *Sidney S. Alderman, Bruce A. Campbell* and *H. G. Hedrick* were on the brief for the Southern Railway Co. *Mr. Thompson, J. C. Gibson* and *R. S. Outlaw* were on the brief for the Atchison, Topeka & Santa Fe Railway Co.

*Roberts P. Elam* argued the cause for respondents. With him on the brief was *Harvey B. Cox*.

MR. JUSTICE FRANKFURTER delivered the opinion of the Court.

These two cases had their origin in suits based on the Federal Employers' Liability Act, 35 Stat. 65, as amended, 45 U. S. C. § 51 *et seq.,* brought in the Circuit Court of the City of St. Louis, Missouri. It is superfluous to give concrete details regarding the parties, the circumstances of the injuries, and the considerations affecting the choice of forum. It suffices to state that in both cases the plaintiff was not a resident of Missouri, the carrier was a

foreign corporation, and the accident which gave rise to the claim of liability for negligence took place outside Missouri. In both, the doctrine of *forum non conveniens* was invoked; in both, the trial court denied the motion to dismiss the suit on that ground as beyond the jurisdiction of the court to grant. In both cases original proceedings in mandamus were thereupon begun in the Supreme Court of Missouri to compel the trial court to exercise discretionary jurisdiction in disposing of the motions. After alternative writs of mandamus had issued and the causes had been consolidated for consideration, the writs were quashed by a single judgment. 359 Mo. 827, 224 S. W. 2d 105. We brought the proceedings here for review, 339 U. S. 918, because they involved questions important to the enforcement of the Federal Employers' Liability Act by the courts of the States.

A decision by the highest court of a State determining that the doctrine of *forum non conveniens* cannot bar an action based on the Federal Employers' Liability Act, in the circumstances before us, may rest on one of three theories. (1) According to its own notions of procedural policy, a State may reject, as it may accept, the doctrine for all causes of action begun in its courts. If denial of a motion to dismiss an action under the Federal Employers' Liability Act is rested on such a general local practice, no federal issue comes into play. (It is assumed of course that the State has acquired jurisdiction over the defendant.) (2) By reason of the Privileges-and-Immunities Clause of the Constitution, a State may not discriminate against citizens of sister States. Art. IV, § 2. Therefore Missouri cannot allow suits by nonresident Missourians for liability under the Federal Employers' Liability Act arising out of conduct outside that State and discriminatorily deny access to its courts to

4

a non-resident who is a citizen of another State. But if a State chooses to "[prefer] residents in access to often overcrowded Courts" and to deny such access to all non-residents, whether its own citizens or those of other States, it is a choice within its own control. This is true also of actions for personal injuries under the Employers' Liability Act. *Douglas* v. *New York, N. H. & H. R. Co.,* 279 U. S. 377, 387. . Whether a State makes such a choice is, like its acceptance or rejection of the doctrine of *forum non conveniens,* a question of State law not open to review here.

But, (3), a State may reject the doctrine of *forum non conveniens* in suits under the Federal Employers' Liability Act because it may deem itself compelled by federal law to reject it. Giving the opinion of the Supreme Court of Missouri in these cases a scope most favorable to reliance on a non-federal ground, doubt still remains whether that Court did not deem itself bound to deny the motions for dismissal on the score of *forum non conveniens* by its view of the demands of our decisions in *Baltimore & O. R. Co.* v. *Kepner,* 314 U. S. 44, and *Miles* v. *Illinois Central R. Co.,* 315 U. S. 698.

But neither of these cases limited the power of a State to deny access to its courts to persons seeking recovery under the Federal Employers' Liability Act if in similar cases the State for reasons of local policy denies resort to its courts and enforces its policy impartially, see *McKnett* v. *St. Louis & S. F. R. Co.,* 292 U. S. 230, so as not to involve a discrimination against Employers' Liability Act suits and not to offend against the Privileges-and-Immunities Clause of the Constitution. No such restriction is imposed upon the States merely because the Employers' Liability Act empowers their courts to entertain suits arising under it. There was nothing in that Act even prior to § 1404 (a) of the 1948 revi-

sion of the Judicial Code, Title 28, U. S. C.,[1] which purported "to force a duty" upon the State courts to entertain or retain Federal Employers' Liability litigation "against an otherwise valid excuse." *Douglas* v. *New York, N. H. & H. R. Co., supra,* at 388.

Therefore, if the Supreme Court of Missouri held as it did because it felt under compulsion of federal law as enunciated by this Court so to hold, it should be relieved of that compulsion. It should be freed to decide the availability of the principle of *forum non conveniens* in these suits according to its own local law. To that end we vacate the judgment of the Supreme Court of Missouri and remand the cause to that Court for further proceedings not inconsistent with this opinion. *State Tax Comm'n* v. *Van Cott,* 306 U. S. 511; *Minnesota* v. *National Tea Co.,* 309 U. S. 551; *Herb* v. *Pitcairn,* 324 U. S. 117; 325 U. S. 77.

*Judgment vacated.*

Mr. Justice Jackson, concurring.

The Missouri Court appears to have acted under the supposed compulsion of *Miles* v. *Illinois Central R. Co.,* 315 U. S. 698, among other of this Court's decisions. The deciding vote in that case rested, in turn, only on what seemed to be compulsion of statutory provisions as to venue. By amendment, 28 U. S. C. § 1404 (a), as interpreted in *Ex parte Collett,* 337 U. S. 55, Congress has removed the compulsion which determined the *Miles* case, and the Missouri Court should no longer regard it as controlling. A federal court in Missouri would now be free to decline to hear this case and could transfer it to

---

[1] Section 1404 (a) reads, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." See *Ex parte Collett,* 337 U. S. 55.

its proper forum. Certainly a State is under no obligation to provide a court for two nonresident parties to litigate a foreign-born cause of action when the Federal Government, which creates the cause of action, frees its own courts within that State from mandatory consideration of the same case. Because of what I wrote in the *Miles* case I add this note, but otherwise concur in the decision and opinion of the Court.

MR. JUSTICE CLARK, with whom THE CHIEF JUSTICE, MR. JUSTICE BLACK, and MR. JUSTICE DOUGLAS concur, dissenting.

In *Miles* v. *Illinois Central R. Co.*, 315 U. S. 698 (1942), this Court defined the circumstances under which a State must entertain in its courts an F. E. L. A. action brought by a citizen of another State. The Court said: "To deny citizens from other states, suitors under F. E. L. A., access to its courts would, if it permitted access to its own citizens, violate the Privileges and Immunities Clause." *Id.* at 704. In the proceeding below the highest court of Missouri followed this view. It stated unequivocally:

> "The Federal Employers' Liability Act does not compel the courts of this state to hear cases arising under that act, but it empowers our courts to do so.
> "Since Missouri does allow its citizens to maintain Federal Employers' Liability actions in its courts, . . . it follows that not to allow citizens of other states the right to file Federal Employers' Liability suits in our state courts would violate Article 4, Section 2, of the Constitution of the United States." 359 Mo. 827 at 839, 224 S. W. 2d 105 at 110 (1949).

But the majority of this Court apparently presumes that when the Supreme Court of Missouri thus used the term "citizens" it was unmindful that the term includes all persons domiciled within a State regardless of their

actual residence. I am unwilling to conclude that the court thought that only actual residents of Missouri are citizens of that State. Indeed it seems clear that the court used the term "citizens" in the usual sense, meaning to include Missourians regardless of where they reside. That it did is shown by its discussion of the opinion of this Court in *Douglas* v. *New York, N. H. & H. R. Co.*, 279 U. S. 377 (1929), which upheld a New York statute permitting dismissal of suits by "non-residents" against foreign corporations. As against the contention that the New York statute discriminated against citizens of other States, this Court in the *Douglas* case found the statute unobjectionable since New York courts in defining "residents" had included only persons actually living in New York and had interpreted "non-residents" to mean all persons residing outside the State, whether citizens of New York or of some other State. The Missouri court below observed that Missouri had no such statute and that dismissal could not be justified in view of its local policy which "permits citizens of this state to file Federal Employers' Liability cases in its courts." 359 Mo. at 838, 224 S. W. 2d at 110.

Our duty is to uphold the decision below if there was a valid ground to sustain it. As there was a sufficient ground, we should not vacate and remand merely because certain statements of the Missouri court may indicate that it also felt under compulsion of federal decisions applying the Liability Act. The cases out of which this proceeding arises are now in their third year in the courts without coming to trial, and remand by this Court will unnecessarily cause further delay and expense in bringing them to final adjudication. I would affirm.