125 So.2d 576 (1960)
ATLANTIC COAST LINE RAILROAD COMPANY, a corporation authorized to do business in Florida, Appellant,
v.
Ernest GANEY, Appellee.
No. 59-513.
District Court of Appeal of Florida. Third District.
December 19, 1960.
Rehearing Denied January 16, 1961.
*577 Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, for appellant.
Sams, Anderson, Alper, Meadows & Spencer and Phillip Goldman, Miami, for appellee.
HORTON, Chief Judge.
This is an appeal from a final judgment entered pursuant to a jury verdict for the plaintiff in an action for personal injury. The action was brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.
Ganey, an employee of the defendant railroad company, while acting as a switchman in defendant's freight yard at Jacksonville, suffered a traumatic amputation of the left leg. The city of Jacksonville is located in Duval County and the suit was instituted in Dade County. The defendant contended that the Dade County circuit court should have refused to accept jurisdiction under the equitable doctrine of forum non conveniens. Accordingly, the defendant moved to dismiss; the trial judge denied the motion, indicating that he was without authority to entertain it.
During the course of the trial, the plaintiff testified that he had been convicted of aggravated assault and that he knew this to be a felony. The trial court refused to allow defendant's counsel to question the plaintiff on the length of sentence to show that the plaintiff had been sentenced to a year in prison. Further, the trial court refused to allow defendant's counsel to show that the plaintiff would be fired by the railroad upon affirmance of the conviction and sentence. It was the defendant's position below that this testimony was material and had bearing upon the future earning capacity of the plaintiff. In addition, the trial court sustained the plaintiff's counsel's objection to proffered testimony "by this witness that on the night in question he and Ganey rode to work and that on the way down Ganey was discussing with him the fact that he was discouraged by the fact that he expected soon to have to start serving his sentence and that he didn't know what was going to happen to his wife and family; that he was going to lose everything he had, including his job, and that he was in a despondent frame of mind."
All of the issues were presented to the jury which returned a verdict for the plaintiff in the amount of $100,000. Defendant's motion for new trial was denied and judgment was entered upon the verdict.
*578 The appellant has presented seven points in its brief upon which it bases its argument for reversal. By its first point, appellant argues that the trial judge erred in refusing to consider a motion to change jurisdiction of the cause under the equitable doctrine of forum non conveniens. Secondly, it is contended that the court erred in excluding testimony offered to show that the plaintiff had been sentenced to a year in prison and that he would be fired upon affirmance of this conviction and sentence. Thirdly, it is contended that the court erred in refusing to charge the jury on the definition of a felony. The appellant's fourth contention is that the court erred in excluding testimony relating to the plaintiff's state of mind on the night of the accident; fifth, that the court erred in giving a certain charge to the jury; sixth, that the trial court erred in denying the motion for new trial; and seventh, that the verdict is excessive.
Clearly, under the Federal Employers' Liability Act, the plaintiff has a choice of placing venue where the defendant resides, where the cause of action arose or where the defendant is doing business at the time the action is commenced.[1] However, since the enactment of § 1404(a) Title 28 U.S.C.A., a defendant in Federal Court may obtain a transfer of the action under the principle of forum non conveniens embodied therein. See Ex parte Collet, 337 U.S. 55, 69 S.Ct. 944, 93 L.Ed. 1207. The appellant here has conceded that venue was proper in this case and our research has not disclosed, nor has the appellant informed us of any Florida statute granting the power to transfer or dismiss a cause of action for considerations involving trial convenience. The Supreme Court of the United States has indicated[2] that in FELA cases brought in state courts, as is the instant case, the defendant may invoke the doctrine only if the state generally applies the doctrine as part of the local law.
In Greyhound Corporation v. Rosart, Fla.App. 1960, 124 So.2d 708, 712, this court was called upon to determine the applicability of the doctrine of forum non conveniens in a similar transitory action in which the defendant sought to effect a change in venue. In holding the doctrine inapplicable, this court said:
"In Florida, the election of venue is with the plaintiff and although it may be more convenient to the defendant and possibly to the plaintiff that the action be prosecuted in another county or circuit, nevertheless, if the election is one which the plaintiff has properly exercised under the statute, [Chapter 46, Fla. Stat., F.S.A.] then the election still remains his and not one which can be dictated by the defendant. Doonan v. Poole, Fla.App. 1959, 114 So.2d 504. See Santa Rosa County v. Trobuck, 77 Fla. 86, 80 So. 748; Enfinger v. Baxley, Fla. 1957, 96 So.2d 538; Peterson v. Kirk, Fla.App. 1958, 103 So.2d 656. To hold otherwise would be to nullify the venue statute which gives the plaintiff the right to file his action in a particular place under certain specified conditions."
Concerning the second point raised, it must first be observed that a judgment will not be set aside on the ground of improper rejection of evidence unless it appears that the error complained of has resulted in a miscarriage of justice or that the error injuriously affected the substantial right of the complaining party. See 13 Fla.Jur., Evidence, § 111. The admission or rejection of testimony is primarily within the discretion of the trial judge. Huffman v. Peek, Fla.App. 1958, 102 So.2d 641.
The appellant here contends that the exclusion of the proffered testimony *579 precluded it from showing that plaintiff's future earnings had been materially affected. Although we are convinced that the trial judge was within the limits of his discretion in refusing to allow the defendant to inquire further into the criminal conviction and the sentence imposed thereto,[3] because of the prejudicial nature of such testimony, nevertheless, conceding the evidence should have been admitted, we conclude that the appellant has failed to demonstrate the prejudice, if any, occasioned by the exclusion. In Florida, the measure of future loss to be compensated by damages is the loss of the capacity to earn, that is, the permanent impairment of the ability to earn money, and not the actual loss of earnings. See, Renuart Lumber Yard v. Levine, Fla. 1950, 49 So.2d 97; Mullis v. City of Miami, Fla. 1952, 60 So.2d 174; Smith v. Tantlinger, Fla.App. 1958, 102 So.2d 840; 9 Fla.Jur., Damages, § 52. Some jurisdictions base the award on the injured plaintiff's actual loss of wages. See Allied Van Lines v. Parsons, 80 Ariz. 85, 293 P.2d 430. The Supreme Court of this state has allowed damages for loss of earning capacity in the absence of any actual earning. See Florida Greyhound Lines, Inc. v. Jones, Fla. 1952, 60 So.2d 396. Certainly this is true in computing damages for permanent injuries to children[4] and housewives[5] who have no history of wage earning. However, the proof must stand appellate scrutiny as to its sufficiency in giving the jury data from which to estimate in money the loss of earning capacity. Along with the mortality table, the jury may consider the injured person's age, health, habits, occupation, surroundings and earning, both before and after the injury, in assessing damages for permanent personal injury. See Loftin v. Wilson, Fla. 1953, 67 So.2d 185, and cases collected in 9 Fla.Jur., Damages, §§ 53 and 54. All of these items are appropriate, though less than all may suffice. Having considered all the elements of proof presented to the jury, as well as recognizing that the extent and hence the value of future earning power depends on probabilities and cannot often be reduced to certainty,[6] we conclude that there was sufficient proof upon which to base the award.
We have carefully considered the remaining points raised by the appellant and find them to be without merit.
Accordingly, the judgment appealed is affirmed.
PEARSON and CARROLL, CHAS., JJ., concur.

On Petition for Rehearing
PER CURIAM.
In view of the statements contained under point No. I of appellant's petition for rehearing, we deem it necessary to clarify the court's holding in this case as it relates to the doctrine of forum non conveniens. The appellant concludes from our holding that a statute is necessary as a basis for the invocation of the doctrine of forum non conveniens. The doctrine of forum non conveniens is an equitable doctrine applied when citizens of a foreign state seek to litigate their controversies in another state where the controversy between them arose outside of the state in which they seek to litigate. We are unaware of, and the appellant has not directed our attention to, any cases which demonstrate the application of the doctrine between courts of similar jurisdiction within the same state. Any inference or assumption that might have been gathered from our opinion in this case, or in Greyhound Corporation *580 v. Rosart, Fla.App. 1960, 124 So.2d 708, to the effect that this court held that the doctrine of forum non conveniens was not recognized in Florida, is pure gratuity, and not warranted by the facts in the particular case.
The appellant has cited, and we were aware of, the opinion in the case of Fidelity & Casualty Co. of New York v. Homan, Fla.App. 1959, 116 So.2d 444, in which the Second District Court of Appeal recognized and considered the doctrine of forum non conveniens. However, the Fidelity & Casualty case was a suit by a foreign corporation authorized to do business in Florida against a Pennsylvania partnership, where one of the partners was a resident of Florida and was personally served with process. The, partnership had never engaged in business in Florida and suit was brought to recover loss sustained under an agreement to indemnify the partnership against any loss under a performance bond on a construction job to be performed in Pennsylvania. In declining to apply the doctrine, the court referred to the case of Hagen v. Viney, 124 Fla. 747, 169 So. 391, 392, in which the Supreme Court of Florida, with reference to the doctrine, had this to say:
"It is settled law that courts of one state are not required to assume jurisdiction of causes between nonresidents arising in other jurisdictions, though by the rule of comity rather than that of strict right they generally do so. After all is said, the question of jurisdiction in transitory actions between nonresidents is one of discretion on the part of the court assuming it, and no rule has yet been promulgated to guide that discretion."
The Hagen case involved an action between two New Jersey residents where the wife sought to enforce, by specific performance, a prior separation agreement that had been executed in the state of New Jersey.
The doctrine can and may still be applied by Florida courts where non-residents, who have causes of action arising in foreign states against foreign resident defendants, seek to litigate their actions in Florida courts, but nowhere have we been able to find, and no one has cited us a case espousing the proposition that in the absence of statute the courts of this state may invoke the doctrine to effect the transfer of a cause of action from one court in this state to another court within the state for the purpose of trial convenience. The case of State of Missouri ex rel. Southern R. Co. v. Mayfield, 340 U.S. 1, 71 S.Ct. 1, 95 L.Ed. 3; Price v. Atchison T. & S.F. Ry. Co., 42 Cal.2d 577, 268 P.2d 457, 43 A.L.R.2d 756; and Cotton v. Louisville and Nashville Railroad Company, 14 Ill.2d 144, 152 N.E.2d 385, cited by the appellant, are cases which involve a foreign cause of action and non-resident parties. Obviously, these cases are not analogous to the case at bar.
We reiterate here that neither the decision in the case at bar, nor in Greyhound Corporation v. Rosart, supra, are authority for the proposition that the doctrine of forum non conveniens cannot, absent statute, be invoked by the courts of the State of Florida in causes of action that arises outside of the jurisdiction of this state between non-residents of this state. However, we do hold that, absent legislative authority, where a cause of action accrues to one in the State of Florida, and he correctly elects the venue of his action in accordance with the appropriate venue statute, a motion to dismiss or to transfer the action to another court or jurisdiction within this state, for purposes of trial convenience, is unauthorized and one which the trial judge would be without authority to consider. This holding is in no wise concerned with the application or operation of the provisions of Rule 1.39(b), 30 F.S.A. or § 53.17(1) Fla. Stat., F.S.A., for it is not contended that the suit was pending in the wrong court.
The petition for rehearing, having been otherwise considered, is denied.
HORTON, C.J., and PEARSON and CARROLL, CHAS., JJ., concur.
NOTES
[1] 45 U.S.C.A. § 56.
[2] State of Missouri ex rel. Southern Ry. Co. v. Mayfield, 340 U.S. 1, 71 S.Ct. 1, 95 L.Ed. 3.
[3] Mead v. State, Fla. 1956, 86 So.2d 773.
[4] Tampa Electric Co. v. Bazemore, 85 Fla. 164, 96 So. 297; Atlantic K. & N.R. Co. v. Gardner, 122 Ga. 82, 49 S.E. 818; Rosenkranz v. Lindell R. Co., 108 Mo. 9, 18 S.W. 890.
[5] Florida Greyhound Lines, Inc. v. Jones, supra.
[6] McCormick, Damages, § 86, p. 309.