OVERTON, BEN F., Associate Judge.
The appellant-defendant below brings this appeal from a final judgment in a bastardy action brought under Chapter 742, Florida Statutes, F.S.A., finding the appellant to be the father of the child. The appellant moved to dismiss the proceeding on the grounds of improper venue. This motion was denied by the lower court, the proceedings continuing to final judgment with the appellant continuing to assert his plea of privilege throughout said proceedings.
The appellant-defendant below was a resident of Hillsborough County while the appellee-plaintiff below was a resident of Sarasota County. The child was born in Sarasota County, and although the appellant continues to deny parentage of the child it is admitted by all parties that the child could not have been conceived in Sarasota County.
The sole point in issue concerns the venue of this action, the appellant contending that Section 46.01, Florida Statutes, F.S.A., controls, and the appellee contending Section 742.021 controls.
The applicable provision of Section 46.01, Florida Statutes 1965, F.S.A., states as follows :
“46.01 Where suits may he begun.— Suits shall be begun only in the county (or if the suit is in the justice of the peace court in the justice’s district) where the defendant resides, or where the cause of action accrued, or where the property in litigation is located. * * ”
The applicable portion of Section 742.021, Florida Statutes 1965, F.S.A. states as follows :
“742.021 Same; venue, process, complaint. — The proceedings shall be by verified complaint filed in the circuit court of the county in which the woman resides or of the county in which the alleged father resides. * * * ”
The appellant contends that this being a transitory action, Section 46.01, Florida Statutes 1965, F.S.A., controls, and he has a right to have the action brought in the county where he resides.
On the other hand, the appellee contends that under Chapter 742, Florida Statutes 1965, F.S.A., she may bring this action in the county of her residence, she having tfye. choice within the confines of said statute where said action should be brought. Greyhound Corp. v. Rosart, Fla.App.1960, 124 So.2d 708; Atlantic Coast Line Railroad Company v. Ganey, Fla.App.1961, 125 So. 2d 576. In addition, the appellee contends even under the provisions of Section 46.01, Florida Statutes 1965, F.S.A., the venue is proper since the action accrued when the *30 child was born and the child was born in Sarasota County.
It is the holding of this Court that Section 742.021, Florida Statutes 1965, F.S.A., controls, and the institution of the suit by the mother- in the county of her residence is proper. A change of venue under the former Chapter 53, Florida Statutes 1965, F.S.A., now Chapter 47, Florida Statutes 1967, F.S.A., was not .in issue in this case, and this holding does not affect said provisions.
Affirmed.
SHANNON, Acting C. J., and HOB-SON, J., concur.