## BELL v. SEABOARD COAST LINE R.R. CO.
### No. 68-13399.
Circuit Court, Dade County.

November 15, 1968.

Beckham & McAliley, Miami, for plaintiff.

Smathers & Thompson, Miami, for defendant.

HAL P. DEKLE, Circuit Judge.

This cause came on for hearing on the motion to dismiss filed by the defendant based on the doctrine of forum non conveniens. The court has studied the pleadings, motions and affidavits on file, has heard arguments of counsel and has considered the appropriate legal authorities. The court is of the opinion that the motion to dismiss should be denied.

Plaintiff and defendant agree that the doctrine of forum non conveniens may come into play if neither party resides in the state where a complaint is filed based on a tort arising beyond such state. While it is true that the defendant is nominally a Virginia corporation, the court finds that for purposes of the application of the doctrine of forum non conveniens, with due regard for the interests said doctrine invades as well as protects, the defendant herein does in fact reside in the state of Florida. The uncontroverted affidavits of Paul E. Feehan, R. J. Beckham, Ben Weinstock, Neal Rutledge and Roger C. Jordan establish by clear and convincing evidence that the great bulk of defendant's railroad operations are conducted in, and emanate from, the headquarters of the defendant at 500 Water Street, Jacksonville, Florida.

While, as above noted, a non-resident plaintiff is a prerequisite to the invocation of the doctrine of forum non conveniens, the constitution of the United States further requires that access to Florida courts may not be denied to non-residents, non-citizens unless access would similarly be denied to citizens of the state of Florida who were non-residents at the time suit was filed. Thus, if the venue statutes of this state have been complied with and jurisdiction over the person of the defendant is validly secured, this court cannot deny this non-citizen, non-resident plaintiff his right to try his case here unless this court would rule likewise with reference to a Florida citizen who resided beyond the state. This is the plain holding of the U. S. Supreme Court in Missouri v. Mayfield, 340 U.S. 1, 95 L.Ed. 3 (1950), where the court said a contrary result would constitute a violation of the privileges and immunities clause (article IV, section 2, U. S. constitution). In this connection the Florida constitution, section 4 of the declaration rights states —

> "All courts in this State shall be open, so that every person for any injury done him in his lands, goods, person or reputation shall have remedy, by due course of law, and right and justice shall be administered without sale, denial or delay."

This court holds that the public policy of Florida and the constitution and laws of Florida require that this court's doors be

open to all Florida citizens, whether residents or non-residents, and accordingly, pursuant to the above federal authorities, this court must likewise be open to non-citizens, non-residents. This is the same conclusion reached by the Supreme Court of Missouri following the remand by the United States Supreme Court in the Mayfield case cited above. See State v. Mayfield, 240 S.W.2d 106 (Mo. 1951).

A third reason for denying the motion is the defendant's failure to affirmatively demonstrate sufficient expenses or inconvenience or harrassment to outweigh the substantial right of the initial selection of venue that the federal and state laws accord to the plaintiff. Distance *per se* is not alone sufficient. The affidavits show that employees and affiliated physicians of the defendant may ride defendant's regularly scheduled trains, without additional cost to defendant, to any point where litigation may be brought against the defendant. Parenthetically, the court will note that no claim is made that this defendant is vexatiously exposed to the "wholesale importation" of actions similar to this, nor is there any claim that this particular case is not filed in good faith or is filed for ulterior reasons of any kind.

Finally, the court would note that Florida Statute 613.02 limits foreign corporations who qualified to do business in this state "to the same rights, powers and privileges" as Florida corporations. It is axiomatic that a Florida corporation, sued in Florida, cannot invoke the doctrine of forum non conveniens.

Wherefore, finding the doctrine of forum non conveniens inapplicable to this cause for the reasons stated above, it is ordered and adjudged that defendant's motion to dismiss based on the doctrine of forum non conveniens is denied; and that the defendant shall answer within fifteen days from the date of this order.