## CIRCUIT COURT OF THE CITY OF NORFOLK

D. R. Poston

v.

Norfolk Southern Ry. Co.

May 1, 1979

Case No. (Law) L-79-50

By JUDGE EDWARD L. RYAN, JR.

Defendant says that the more convenient forum is the locality in North Carolina where the casualty occurred. Under Code § 8.01-265 a pending action may be transferred to another Virginia forum, but there may *not* be transfer if the more convenient forum is a jurisdiction other than in the Commonwealth of Virginia. Defendant adds that this classification violates the equal protection clause of the Fourteenth Amendment, and to retain jurisdiction in this court would be unreasonable and therefore offensive to traditional notions of fair play and substantial justice in violation of the due process clause of the Fourteenth Amendment.

The General Assembly cannot empower or authorize a Virginia court to transfer a cause of action to the courts of another state. Denial of a right cannot be claimed if the supposed right cannot be granted.

But defendant says that the unfairness of trial in this court may be cured by dismissing the pending action and inviting plaintiff to proceed in a North Carolina court having jurisdiction; however, any discomfort caused defendant is not the result of any State action but is an exercise of plaintiff's free choice of forum in a transitory cause of action.

The basic claim of unfairness may be reduced to the fact that an alleged North Carolina joint tortfeasor cannot be joined in this action as a third-party defen-

dant. The present defendant may cure this by giving prompt notice that it will later seek redress in a North Carolina court, if the result here is unfavorable to it.

The general rule is that equal protection of the laws is not denied if the course of procedure would be applied to any other person in this state under similar circumstances and procedures. 16 Am. Jur. 2d, *Constitutional Law*, § 533.

Finally, a state may adopt those policies and procedures of forum non conveniens that it deems advisable.

> According to its own notions of procedural policy, a State may reject, as it may accept, the doctrine for all causes of action begun in its court. *Ex rel. Southern R. Co. v. Mayfield*, 340 U.S. 1 (1950).

See also 20 Am. Jur. 2d, *Courts*, § 172, 173 (fn. 4).