JOSE A. ESPINOSA, Plaintiff-Appellee, *v.* NORFOLK AND WESTERN RAILWAY COMPANY, Defendant-Appellant.

Fifth District    No. 79-207

Opinion filed September 8, 1980.—Rehearing denied October 17, 1980.

Edward J. Kionka, of Columbia, and Pope & Driemeyer, of Belleville (Edward J. Kionka and Thomas W. Alvey, Jr., of counsel), for appellant.

John T. Pierce, Jr., of Pratt, Pierce, Bradford & Gitchoff, Ltd., of East Alton, for appellee.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

Defendant, Norfolk and Western Railway, appeals from a judgment of the Madison County Circuit Court entered in favor of plaintiff, Jose Espinosa, pursuant to his action for damages brought under the Federal Employers' Liability Act (45 U.S.C. §51 *et seq.* (1976)). The only issue raised on appeal is whether the trial court abused its discretion in failing to grant defendant's motion to dismiss on the basis of *forum non conveniens.* No question is raised concerning plaintiff's injuries or the amount of the verdict.

We need state only briefly the facts giving rise to plaintiff's cause of action. Plaintiff was employed by defendant in its Melvindale, Michigan, train yards as a section foreman. On September 20, 1976, plaintiff was giving directions to the operator of a mobile crane; and in order to obtain an unobstructed view of the area, plaintiff stepped on the wooden deck covering the weight scale. A section of the wooden deck gave way beneath him, and plaintiff's entire leg protruded through the deck. Plaintiff suffered a back injury due to the fall. He was initially treated for his injury by a medical group in a Detroit suburb. Plaintiff's condition continued to deteriorate, and he consulted an orthopedic specialist, Dr. Schoedinger, in St. Louis.

After examining plaintiff, Dr. Schoedinger concluded that he had a herniated nucleus pulposus in the lower lumbar region and performed a bilateral disc removal. It was Dr. Schoedinger's opinion that plaintiff was permanently disabled from any manual labor and that his condition was continuing to deteriorate, possibly necessitating further surgery.

Based on the injury of September 20, 1976, plaintiff filed a complaint in the Madison County Circuit Court on May 5, 1977, and defendant moved to dismiss the complaint on the basis of *forum non conveniens.*

In its motion to dismiss, defendant made the following allegations: that

plaintiff was and still is a resident of Michigan; that plaintiff's injury occurred in Melvindale, Michigan, some 530 miles from Edwardsville, Illinois, where the case was filed; that all of the occurrence witnesses resided in Michigan; that plaintiff's initial medical treatment took place in Michigan; that it would impose hardship, inconvenience and expense on defendant to bring witnesses from Michigan to Illinois, thereby denying it due process; that there were courts of competent jurisdiction available to plaintiff in Michigan; that the trial of the cause would impose a burden on the citizens of Madison County, who have no interest in the case; and that the only connection plaintiff has with the area is that it is the residence of his attorney.

In response to defendant's motion, plaintiff pointed out that distance was not a major inconvenience because Detroit was only 430 miles from Edwardsville and easily accessible by plane or car. Plaintiff's treating physician practiced in St. Louis. Further, with respect to the attendance of witnesses, plaintiff stated that defendant could present the Michigan doctors' testimony by deposition, a practice not uncommon for doctors residing in the immediate vicinity of Madison County; that the occurrence witnesses were all employees of defendant whom defendant could produce at trial without the necessity of process; and that plaintiff's attorneys, the approved regional attorneys for plaintiff's union, practiced in Alton, Illinois.

The trial court denied defendant's motion to dismiss, and defendant filed a motion to reconsider. In addition to the grounds alleged in the original motion, defendant also argued that the congested court docket in Madison County was a further reason for dismissing the lawsuit. Plaintiff responded that the condition of the Madison County trial docket was not hindering the expedient disposition of this case. Plaintiff further noted that he had filed a motion to compel defendant to produce certain witnesses at trial and represented that he would pay all the expenses incurred by defendant in producing them. Plaintiff also attached affidavits from other possible witnesses attesting to their willingness to be present at trial. The trial court denied the motion to reconsider.

Prior to the commencement of trial, defendant again renewed its motion to dismiss and introduced statistical evidence pertaining to Federal Employers' Liability Act claims filed in Madison County to demonstrate the burden imposed on the courts by the filing of out-of-State claims under the Act. Plaintiff responded by stating that defendant's statistics gave no indication of the number of Federal Employers' Liability Act cases tried, dismissed, or settled and that it was plaintiff's attorneys' experience that less than 1 percent of such claims were actually tried by a jury.

Defendant contends that the trial court improperly weighed the factors to be considered in denying its motion to dismiss on the basis of *forum*

*non conveniens.* Fundamentally, defendant urges that the court gave undue weight to plaintiff's right to choose his own forum.

■■ Plaintiff argues that the doctrine of *forum non conveniens* is inapplicable to Federal Employers' Liability Act cases in State courts. We disagree. The law in Illinois is well settled that the doctrine of *forum non conveniens* is applicable to Federal Employers' Liability Act actions in State courts. *Missouri ex rel. Southern Ry. Co. v. Mayfield* (1950), 340 U.S. 1, 95 L. Ed. 3, 71 S. Ct. 1; *Saunders v. Norfolk & Western Ry. Co* (1977), 54 Ill. App. 3d 307, 369 N.E.2d 518.

This court in *Saunders v. Norfolk & Western Railway* held that in determining whether to grant a motion to dismiss a Federal Employers' Liability Act suit on the basis of *forum non conveniens* the trial court must take into consideration the factors enumerated in *Whitney v. Madden* (1948), 400 Ill. 185, 79 N.E.2d 593. The court in *Whitney v. Madden* stated that in applying the doctrine of *forum non conveniens*, the trial court should consider whether it is apparent that the local forum was chosen for the purpose of "frustrating" the defendant; whether the defendant is "unduly burdened" or caused "great and unnecessary inconvenience"; or whether the court is unnecessarily burdened. Further, the court in *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508, 91 L. Ed. 1055, 1062, 67 S. Ct. 839, 843, stated: "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Cf. Saunders v. Norfolk & Western Ry. Co.*

We find that there is no strong imbalance in favor of the defendant of the factors we are required to consider under *Whitney v. Madden.* Balanced against plaintiff's right to select the forum under the Federal Employers' Liability Act is the burden imposed on defendant because of the distance between the place of the accident and the place of trial; any additional expense; the burden on the jurors; the burden on the court; and the greater difficulty in presenting the testimony of some witnesses arising from the distance involved. All of these factors were considered by the trial court when it denied defendant's motion to dismiss.

■■■ Defendant was able to produce the witnesses requested by plaintiff without difficulty or inconvenience and was entitled to be reimbursed for its expenses resulting therefrom. Otherwise, defendant called only one witness, and she was from the St. Louis area. Defendant's medical testimony was presented by deposition, a practice not uncommon whether the doctor is in the area or not. The only additional expense imposed on defendant was two trips to Michigan to take depositions. The case was disposed of expediently, and it has not been shown that the case unduly burdened the Madison County Circuit Court or the jurors serving in such court. Further, the question of liability was not so complex as to make proximity of the forum to the scene of the accident a controlling factor. The

distance from the place of an occurrence to the place of trial cannot, of itself, be used as the basis for dismissing an action on the grounds of *forum non conveniens*. In the instant case, permitting this action to be maintained in Madison County did not "unduly burden" defendant or cause it "great and unnecessary inconvenience," as required for reversal under the rationale of *Whitney v. Madden*. We conclude, therefore, that the trial court properly denied defendant's motion to dismiss.

Affirmed.

HARRISON and SPOMER, JJ., concur.