## CIRCUIT COURT OF THE CITY OF NORFOLK

Larry S. Bean

v.

Norfolk and Western Ry. Co.

January 19, 1988

Case No. (Law) L-87-2231

By JUDGE JOHN W. WINSTON

Larry S. Bean filed this F.E.L.A. action against Norfolk & Western Railway Company, his employer, in the state courts of Virginia seeking $1,000,000.00 in damages for personal injuries he allegedly received in the course of his employment on August 1, 1985, while "attempting to throw a defective switch" at the Clinton Street Crossing in Circleville, Ohio. He based his negligence claim upon the failures of the Railway to comply with the Federal Employer's Liability Act, the Federal Safety Appliance Act, and the Federal Boiler Inspection Act.

The Railway has responded to Bean's motion for judgment by objecting to venue in the Virginia courts and by moving to dismiss.

Before addressing those issues raised by Railway, a brief summary of the prior history of this litigation is appropriate.

Bean originally filed this same suit in the Circuit Court of the City of Norfolk on February 7, 1986, styled *Larry S. Bean v. Norfolk & Western Railway Company, L-86-292*. Railway objected to venue and moved to dismiss. At a conference arranged to select a date for argument upon Railway's venue and motion pleadings, counsel for Bean chose instead to present a proposed order dismissing the suit without prejudice "to refile the claim in another

court having jurisdiction over the parties." The order was entered.

Instead of refiling in a court with jurisdiction but *outside* of Virginia, Bean then refiled the same suit in the Circuit Court of the City of Portsmouth (Virginia), styled *Larry S. Bean v. Norfolk & Western Railway Company, L-87-319.* Again, Railway objected to venue and moved to dismiss. But it also asked in the alternative that the judge of the Circuit Court in Portsmouth transfer the suit to the Circuit Court in Norfolk because the refiling violated that court's earlier dismissal order and because pursuant to the provisions of Virginia's non-suit statute (Virginia Code § 8.01-380), the only Virginia state court in which Bean's suit could be refiled was the Circuit Court in Norfolk.

Portsmouth's Judge Oast did not rule upon Railway's objection to venue and motion to dismiss [but] did rule that the case should be transferred to the Circuit Court in Norfolk. His transfer order was entered on September 9, 1987. The Portsmouth court's file was duly received in Norfolk, placed back on the Norfolk court's docket, and assigned the current number *L-87-2231.*

This court, having reviewed the briefs of counsel and heard their arguments, is now ready to rule on Railway's restated objection to venue and motion to dismiss.

First, the uncontradicted facts [are]:

(1) Larry S. Bean is a resident of New Boston, Ohio.

(2) His August 1, 1985, accident occurred at or near Circleville, Ohio.

(3) All fact witnesses reside in Ohio.

(4) Mr. Bean has been seen by at least five medical doctors practicing in Ohio and has received treatment at three Ohio hospitals.

(5) Mr. Bean has travelled from Ohio to Virginia for the purpose of being examined by a Virginia physician to give expert testimony at trial here. Such physician was selected by Bean's counsel.

(6) Mr. Bean may also call at trial a non-medical Virginia expert as his witness, such expert being selected by his counsel.

(7) No witness for either party will be in Virginia on the trial date (other than Bean's experts selected

by his counsel) for any purpose except to testify in the Virginia court after first travelling from Ohio to Virginia.

(8) All records related to this case are kept in Ohio.

(9) Circleville, Ohio, is located some 560 miles from Norfolk, Virginia.

(10) Railway does business on a regular basis in Ohio, including Circleville, and is amenable to service of process there and to the jurisdiction of the federal and state courts there.

(11) Mr. Bean's counsel in this case reside and have their office in Portsmouth, Virginia.

(12) Mr. Bean chose as his forum the Circuit Courts in Norfolk and Portsmouth, Virginia, where Railway does business and transacts affairs on a regular basis.

Bean, an injured railroad employee under the federal law creating his cause of action asserted here, was entitled to seek money damages from his railroad employer in either a federal or state court located where his employer is a resident or is doing business or where the accident occurred. 45 U.S.C.A. § 56. He chose to file his suit in a state court, not where the accident occurred but where his employer does business and probably would be considered a resident. Hence the Virginia court he selected has jurisdiction and is a statutory forum here.

On the other hand, Railway is entitled to object to the forum selected by him on the ground that it is not a convenient one for the parties and also for the court selected. It is entitled to raise such objection. (Formerly, the doctrine of forum non conveniens could not be used to defeat the forum chosen by the railroad employee. The employer could object to venue only if the employee filed suit in a forum court not specifically authorized by the federal statute. That is no longer the law, following the statutory change enacted by Congress in 1948. *See* 28 U.S.C.A. § 1404(a) and *Baltimore & Ohio R. Co. v. Kepner*, 314 U.S. 44 (1941); *Miles v. Illinois Central R. Co.*, 315 U.S. 698 (1942); *Southern R. Co. v. Mayfield*, 340 U.S. 1 (1950).)

To so object, Railway must initially look to and follow the venue standards of Virginia where the chosen forum court is located. Hence we must look to the standards set out in Virginia Code §§ 8.01-257 et seq. Clearly,

Bean has chosen to sue Railway in a Virginia-permitted forum because Railway regularly and systematically conducts affairs or business activity in Norfolk and Portsmouth. Virginia Code § 8.01-262. But then under Virginia venue law (as well as under the federal law that created the cause of action), Railway is entitled to seek a transfer of the cause of action to any fair and convenient forum located within the Commonwealth which has jurisdiction on a showing of good cause for such transfer. And if there is in existence no fair and convenient forum within the Commonwealth, then Railway would until 1977 have been entitled to seek a stay of the state court litigation until employee chose to file his suit again in such a forum outside Virginia within the federal statutory description, to be followed by a dismissal of the Virginia suit without prejudice. (In 1977 the legislature amended Section 8.01-265 to preclude such a dismissal in an inconvenient forum.) In either such event, the employee can resist the objection and show good cause why the action should remain where he filed it. Good cause is deemed "to include, but not be limited to, the agreement of the parties or the avoidance of substantial inconvenience to the parties or the witnesses." Virginia Code § 8.01-265.

Thus Bean here asserts that Railway will suffer no substantial inconvenience in the Circuit Courts in Norfolk or Portsmouth under the facts of this case and that the case should stay there. On the other hand, Railway contends that because the court is a substantially inconvenient forum and there is no convenient alternative in Virginia, it should at least stay the litigation here or dismiss it without prejudice despite the explicit statutory directive from the legislature not to so dismiss in that event. Railway says dismissal should be granted because the legislative act forbidding it is unconstitutional.

This court disagrees with Bean's position that he has chosen a convenient forum and that Railway has not proven the contrary in a substantial way. To require Railway to gather all of its witnesses and all its records in Ohio and bring them 560 miles to Virginia to testify and be used as evidence in front of a Virginia jury constitutes a substantial inconvenience to Railway. And to require the Virginia state courts to add another lengthy F.E.L.A. jury trial to their already crowded dockets involving

out-of-state events, witnesses, and records constitutes a substantial inconvenience to the Virginia forum court asked to hear it, with no reason whatsoever set out why the Ohio courts which obviously have jurisdiction and where Railway is amenable to process and where the accident occurred should not be allowed to receive this case for disposition. The most convenient forum is there and no place else.

And of course the fact that Bean has chosen to be represented by a Virginia attorney who then elected to have him examined by a Virginia physician and to find a Virginia expert to testify re non-medical matters at trial here is all of no consequence whatever on this issue. Bean is trying to bootstrap his way into the Virginia court by these tactics, and his effort cannot be allowed.

Hence we reach the question of what can this Virginia court do with this case. This forum is substantially inconvenient, and there is no alternative substantially convenient forum suggested in Virginia.

If the § 8.01-265 prohibition against dismissal is constitutional, then this court must follow it, not dismiss the case, and require Railway to remain here against its will and despite the inconvenience to Railway and the court. For state courts (unlike federal courts) have no explicit authority to transfer cases to out-of-state convenient forums such as Ohio.

However, it is this court's view earlier arrived at and adhered to now after further consideration that the 1977 legislative addition to Virginia Code Section 8.01-265 (forbidding the dismissal of a suit filed in an inconvenient forum court when no other convenient Virginia Court forum exists) is unconstitutional.

This conclusion has been arrived at even though statutes including amendments thereto are presumed to be valid, and such presumption is not to be treated lightly.

But a study here of the parties' briefs, the constitutional provisions relied on, and the cases cited convinces this court that this statutory prohibition violates both the United States Constitution and the Virginia Constitution.

Article IV, Section 2, of the United States Constitution provides that "The citizens of each State shall be

entitled to all the Privileges and Immunities of Citizens in the several States."

And the Fourteenth Amendment to the United States Constitution provides in Section 1 that "no State shall make or enforce any law which shall abridge the privileges and immunities of citizens of the United States . . . nor deny to any person within its jurisdiction the equal protection of its laws."

These provisions mean that the laws enacted by our legislature must apply equally to all citizens, residents, and persons, whether they be individuals or corporations or other entities, and who come within their jurisdiction.

The broad policy of the Commonwealth is to deal with all its litigants fairly. For the Virginia Statute provides:

> It is the intent of this Chapter (Chapter V, Venue) that every action shall be commenced and tried in a forum convenient to the parties and witnesses, where justice can be administered without prejudice or delay . . . . Code Section 8.01-257.

And the Statute has then identified a broad spectrum of forums where actions either must be or may be filed, Code §§ 8.01-261 and 8.01-262, followed by an authorization for the judges of its courts to transfer or retain any action for good cause shown, such good cause including but not being limited to the avoidance of substantial inconvenience of the parties. Code § 8.01-265.

But having stated that policy and intent and having identified the forums where all Virginia actions should or can be filed, the legislature has later proceeded to limit the remedy of the forum court when a proper but inconvenient forum has been chosen by a plaintiff. For it has declared that if a more convenient forum is available in Virginia, then the forum court may transfer the action there. But it has further declared that if no such more convenient forum exists in Virginia but does exist outside of the Commonwealth, then a dismissal (without prejudice) cannot be accomplished. And that the inconvenienced defendant will just have to stay in the forum court where it is. Thus even though it is Virginia's policy that every action is to be commenced and tried in a forum which is

convenient to the parties and witnesses, where justice can be administered without prejudice or delay, this laudatory policy only applies to those defendants who can find such a forum within the geographical limits of Virginia.

Such an arbitrary classification of defendants is not constitutionally acceptable. And no rational logical explanation has been put forward to justify this legislative classification. It must therefore fail. *See Power Mfg. Co. v. Saunders*, 274 U.S. 490 (1927).

It is of interest to note that when the Virginia Code Commission made its report to the Governor and the General Assembly in 1977 and offered a total proposed recodification of Title 8 of the Code of Virginia (to prepare a modern system for the trial of civil actions in Virginia courts), the new proposed § 8.01-265 allowed the transfer of a personal injury action to any fair and convenient forum having jurisdiction within the Commonwealth. But that the Commission did not propose that the forum court also be prohibited from dismissing such an action because there was a more convenient forum only outside the Commonwealth. That was put in by the legislature when it adopted proposed Title 8.01. *See* Acts of Assembly, Volume 2, Chapter 617, Virginia Session 1977.

For the same reasons, the court now finds that this same legislative provision violates as well the Constitution of Virginia, Article IV, § 14(18) and Article IV, Section 15. Without justifying the classification and in contradiction of the general policy of Code § 8.01-257 that "every action shall be commenced and tried in a forum convenient to the parties and to the witnesses, where justice can be administered without prejudice or delay . . ." the Virginia legislature by prohibiting dismissals under Code § 8.01-265 has authorized plaintiffs with out-of-state causes to proceed to litigate in inconvenient Virginia forums in situations where no convenient one here is available to defendants, forcing them to defend these cases in Virginia against their will. The statutory amendment amounts to a grant to certain plaintiffs only of an exclusive right to litigate not available to all and to an exemption from the operation of that general policy announced in Code § 8.01-257 for the benefit of those same

plaintiffs. It is a special law, in violation of the Virginia Constitution, and thus is unenforceable.

In light of the findings that Railway has established by the great weight of the evidence that the Circuit Courts of the Cities of Portsmouth and Norfolk are inconvenient forums, both for Railway and for the courts involved and that there is no established reason why the litigation should remain on either of their dockets and because it also finds that the statutory prohibition in Code § 8.01-265 against litigation dismissals is not constitutional under either the United States or the Virginia Constitutions, this court will now enter an order granting Railway's objection to venue and staying all proceedings in this Virginia litigation through May 20, 1988, to allow plaintiff Bean ample time to refile this litigation outside the Commonwealth of Virginia in a court where Railway can be served with process and where jurisdiction exists over it. And after May 20, 1988, whether Bean has so filed or not, this court directs the submission of an order by counsel, dismissing this litigation from the docket of this court without prejudice to Bean's prosecution of his cause of action in some other state with jurisdiction over Railway.

Counsel are reminded that F.E.L.A. causes of action are subject to a three-year statute of limitations and that Bean's injury occurred on August 1, 1985. *See* 45 U.S.C.A. § 56.