200 So.2d 118 (1967)
Dave TRAHAN
v.
The PHOENIX INSURANCE COMPANY et al.
No. 7135.
Court of Appeal of Louisiana, First Circuit.
May 29, 1967.
Rehearing Denied June 30, 1967.
*119 Frances E. Mire, Lake Charles, for petitioner.
Robert J. Vandaworker, of Taylor, Porter, Brooks, Fuller & Phillips, Robert W. Smith, of Seale, Smith & Baine, Baton Rouge, for defendants-respondents.
Before LANDRY, ELLIS and BAILES, JJ.
LANDRY, Judge.
This matter is before us on writ of certiorari directed to the Honorable Nineteenth Judicial District Court, East Baton Rouge Parish, Honorable Luther F. Cole, Judge, presiding, to review the propriety of said tribunal's order decreeing a change of venue in the tort action filed by plaintiff-relator, upon application of defendant Southern Farm Bureau Casualty Insurance Company.
The res nova question presented for our consideration is whether a trial court may transfer a cause to another jurisdiction for trial for the sole purpose of serving the convenience of the court, litigants or witnesses, under the common law doctrine of "forum non conveniens." We find that in exercising such power, our brother below fell into error.
Relator, Dave Trahan (Trahan), domiciled in Calcasieu Parish, Louisiana, instituted this ex delicto action in East Baton Rouge Parish to recover damages on behalf of himself and his minor son, Stanford Michael Trahan, for personal injuries sustained by the son in an automobile accident which occurred in Beauregard Parish, Louisiana, December 31, 1965.
At the time of the accident relator's son was a guest passenger in an automobile *120 driven by one Richard Busse, a resident of either West Baton Rouge or Pointe Coupee Parish. The Busse vehicle was insured by defendant Southern Farm Bureau Casualty Insurance Company (Southern Farm); it collided with a truck operated by Wade Cooley, a resident of Beauregard Parish, the insured of defendant The Phoenix Insurance Company (Phoenix). At the time of the accident young Trahan was a resident of East Baton Rouge Parish attending Louisiana State University. Southern Farm and Phoenix, the only defendants herein, are both foreign insurers.
Phoenix resisted relator's demands contending its assured was free of fault and alternatively pleading the doctrines of sudden emergency and unavoidable accident.
Southern Farm excepted to the venue and requested that under the common law doctrine of "forum non conveniens", the cause be transferred to Beauregard Parish for trial on the merits. After trial of respondent's exception, our brother below ordered this matter removed to the Thirtieth Judicial District Court, Beauregard Parish, hence relator's application to and this court's granting of writs to review the trial court's action in this regard.
As evidenced by the grounds specified in its aforesaid exception, and the argument contained in its brief responding to this writ, Southern Farm appears to base its claim to a change of venue herein on the ground plaintiff's petition fails to allege anything "which gives the Nineteenth Judicial District Court any interest whatever in this case, and therefore the doctrine of "forum non conveniens should be invoked."
The rationale of the rule of "forum non conveniens" is set forth in Article 5 of respondent's exception which we quote in full as follows:
"5.
The rule of `forum non conveniens' is an equitable rule based upon the proposition that a court may, in its discretion, decline to exercise jurisdiction over a transitory cause of action when it appears that there is an imposition upon its jurisdiction even though jurisdiction or venue is authorized by the letter of a venue statute, code article or a judicial decision interpreting same."
In his reasons for judgment appearing in the record, the trial court noted: (1) plaintiff's petition shows that five different physicians were involved in the treatment of plaintiff's son, some of whom are presumably residents of Texas and some who appear to be residents of Calcasieu Parish, Louisiana; (2) counsel for plaintiff is from Lake Charles, Calcasieu Parish; (3) counsel for Phoenix is from DeRidder, Beauregard Parish, Louisiana; (4) most of the witnesses may be presumed to come from the vicinity of the site of the accident, Beauregard Parish, and (5) another action arising out of the same accident is presently pending in Beauregard Parish.
Our colleague below correctly recognized that pursuant to the provisions of LSA-R.S. 22:655 and LSA-C.C.P. Article 42(7), and the jurisprudence established in Grand v. American General Insurance Company, et al., 241 La. 733, 131 So.2d 46, relator could have properly brought this action in either Beauregard or East Baton Rouge Parish. Nevertheless, our brother of the lower court invoked the common law doctrine of "forum non conveniens" which recognizes the inherent power of a court, in the exercise of its sound discretion, to decline jurisdiction where it is reasonably convinced the case may be fairly tried in a more convenient jurisdiction.
Applying said principle, the court concluded that in the instant case both the convenience of the court and litigants would be best served by transferring this cause to Beauregard Parish for trial inasmuch as the already crowded docket of the Nineteenth Judicial District Court would thus be relieved and the convenience of the litigants and witnesses best served by materially *121 reducing travel and attendant time and expense incident to trial.
In so concluding our brother below reasoned that our statutory law, namely, LSA-C.C.P. Article 122, in effect recognizes the common law doctrine of "forum non conveniens."
LSA-C.C.P. Article 122 provides:
"Any party by contradictory motion may obtain a change of venue upon proof that he cannot obtain a fair and impartial trial because of the undue influence of an adverse party, prejudice existing in the public mind, or some other sufficient cause. If the motion is granted, the action shall be transferred to a parish wherein no party is domiciled."
The ratiocination of the trial court was that the phrase "or some other sufficient cause" appearing in Article 122, supra, constituted an extension of the enumerated causes for which the statute authorizes a change in venue.
Our research discloses LSA-C.C.P. Article 122 to be the sole statutory authority of the state pertaining to change of venue. Consideration of the terms of the statute leads us to the conclusion that its provisions are clearly intended to apply only to those instances in which it is alleged a fair and impartial trial may not be obtained in the forum in which the action is initially brought. In express terms the statute states that a change of venue may be granted upon proof that a fair and impartial trial cannot be had because of two specifically enumerated conditions, namely, "undue influence of an adverse party" and "prejudice existing in the public mind." The phrase "or some other sufficient cause," we believe was intended by the legislature merely as an extension of the previously enumerated examples of circumstances which might prevent a fair and impartial trial to either party. Our conclusion in this regard is strengthened, we believe, by the last sentence of the statute which unequivocally states that when a change of venue is granted the cause shall be transferred to a jurisdiction in which no party litigant is domiciled.
The law of this state is unquestionably settled to the effect that a foreign insurance company may be sued in East Baton Rouge Parish. See LSA-C.C.P. Article 42(7). Moreover, the validity of the foregoing provision has been expressly declared by the Supreme Court in Grand v. American General Insurance Company, 241 La. 733, 131 So.2d 46.
Additionally, LSA-R.S. 22:655 grants an injured party the right to proceed directly against an insurer and couples therewith the privilege of electing either the situs of the accident or the domicile of the foreign insurer (East Baton Rouge Parish) as alternate jurisdictions in which the action may be brought. It follows, therefore, that in such instances, the alternate jurisdictions in which the action may be instituted must be deemed to possess concurrent jurisdiction thus vesting in plaintiff the option of choosing either at his election. Nothing in the applicable article (or the redactor's comment pertaining thereto) indicates legislative intent to authorize a change of venue for any cause other than one related to or affecting the fair and impartial trial of the action. Nowhere (either in the article or redactor's comment) is there any indication of legislative intent to extend the scope of the article to include the doctrine of "forum non conveniens."
We note that in Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 507, 67 S.Ct. 839, 91 L.Ed. 1055, 1062, relied upon by counsel for respondent, the common law principle of "forum non conveniens" has been adopted in a number of common law states and also prevails in the Federal Courts. It further appears that the principle, which originated in England, has been broadened and extended to include circumstances which in the sound discretion of the court, serve the interests of the court, witnesses and litigants.
*122 We readily recognize that the Grand decision, supra, and LSA-C.C.P. Article 42(7), have contributed somewhat to the crowded and overburdened docket of the Nineteenth Judicial District Court and that said tribunal (as well as our own) would obtain relief by our affirmation of the trial court's decision. Nevertheless, it is the view of this court that the doctrine of "forum non conveniens" is foreign to our jurisprudence and contrary to express legislative declaration. To invoke the doctrine on our own authority, we believe would constitute judicial legislation of the rankest sort. We must therefore, reject the principle relied upon as being repugnant to the express statutory law of this state.
Counsel for Southern Farm correctly maintains common law states have invoked the doctrine of "forum non conveniens" on their own authority notwithstanding its conflict with a general venue statute conferring upon plaintiff a choice of jurisdictions in which to file a particular action.
Our answer to the foregoing contention is that our own legislature has by express statute seen fit to limit the grounds for granting a change in venue to those circumstances which prevent the conduct of a fair and impartial trial. We view the matter as one purely procedural in nature and, as such, generally regarded as falling within the ambit of the legislature. Under the well recognized rule of separation of governmental powers, we may not encroach upon the legislative function by the exercise of judicial legislation.
Accordingly, the judgment of the trial court is reversed, Southern Farm's exception is overruled and this cause remanded to the Honorable Nineteenth Judicial District Court, East Baton Rouge Parish, for further proceedings consistent with the views herein expressed. Costs of this application for writs to be paid by respondent Southern Farm Bureau Casualty Insurance Company.
Reversed and remanded.