205 So.2d 770 (1967)
Swepson C. CHANEY, Plaintiff-Appellant,
v.
Richard WILLIHER et al., Defendants-Appellees.
No. 7209.
Court of Appeal of Louisiana, First Circuit.
December 19, 1967.
Rehearing Denied January 29, 1968.
Writ Refused March 8, 1968.
Rogers, McHale & St. Romain, Lake Charles, for plaintiff-appellant.
Robert J. Vandaworker, of Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, for defendants-appellees.
Before LANDRY, REID and BAILES, JJ.
BAILES, Judge.
This is a tort action brought by plaintiff against Richard Williher, McCullough Tool Company and The Travelers Insurance Company, defendants, seeking to recover judgment, in solido, for personal injuries allegedly received in a collision involving two vehicles in Plaquemines Parish, Louisiana, on November 22, 1965. Allegedly, plaintiff was a guest passenger in one of the vehicles, so involved, operated by Silton R. Fuselier.
Plaintiff alleged that Richard Williher, the driver of the other automobile, was a resident of Plaquemines Parish, acting within the course and scope of his employment by McCullough Tool Company, a nonresident corporation duly authorized to and doing business in the State of Louisiana, and that its agent for service of process was C. T. Corporation of New Orleans, Louisiana. Further, plaintiff alleged that Travelers Insurance Company was the public liability insurer of Richard Williher and McCullough Tool Company.
In response to this action, defendants, McCullough Tool Company and The Travelers Insurance Company filed a declinatory exception, the purpose of which was to contest the venue of the Nineteenth Judicial District Court.
In their exception, the defendants allege that, according to his petition, the plaintiff is a resident of Allen Parish, Louisiana; that the law firm representing plaintiff is located in Lake Charles, Louisiana; that defendant, McCullough Tool Company, is a foreign corporation whose agent for service of process is in New Orleans, Louisiana, and that defendant, Richard Williher, is a resident of Plaquemines Parish. Defendants further allege that plaintiff's petition "does not allege anything which gives the Nineteenth Judicial District Court any interest whatever in this case and therefore the doctrine of `forum non conveniens' should be invoked." Further, the exceptor alleges in its exception: "The rule of `forum non conveniens' is an equitable rule based upon the proposition that a court may, in its discretion, *771 decline to exercise jurisdiction over a transitory cause of action when it appears that there is an imposition upon its jurisdiction even though jurisdiction or venue is authorized by the letter of a general venue statute."
For oral reasons, a recitation of which is not contained in the record, the district court sustained the exception to the venue and dismissed the plaintiff's suit as nonsuit, at his costs. Plaintiff has appealed. We find the trial court erred in sustaining this exception. The judgment appealed from is reversed.
The question presented for our consideration and determination is identical to that considered by us in Trahan v. Phoenix Insurance Company (La.App.1967) 200 So. 2d 118, certiorari or writ of review denied by the Supreme Court on October 6, 1967. See 202 So.2d 657. In denying the writ of review, the Supreme Court stated: "Writ refused. No error of law in the judgment of the Court of Appeal."
The judgment herein appealed from was rendered on February 17, 1967, and signed on February 20, 1967. The judge a quo, therefore, did not have the benefit of the decision of this Court in Trahan v. Phoenix Insurance Company, supra, rendered by us on June 30, 1967.
We find no need to elaborate on the reasons set forth in the Trahan case in holding that the doctrine of forum non conveniens has no application to actions brought in this State. For the reasons amply and adequately set forth in Trahan v. Phoenix Insurance Company, supra, the judgment appealed from is reversed and this case is remanded to the district court for further proceedings not inconsistent herewith. Court costs incurred in the trial court and in this Court are assessed against the defendants-appellants.
Reversed and remanded.