485 So.2d 565 (1986)
Amalia KASSAPAS, Individually as Personal Representative of the Estate of Georgios Kassapas, and as Tutrix of the Estates of the Minor Children, Nikolas Kassapas and Constantinos Kassapas; Despina Kassapas; Constantinos Kassapas; Goegious Lambou, Individually and as Personal Representative of the Estate of Andreas Lambou, Vasiliki Lambou; Sofia Lambou; and Vasiliki Lambou
v.
ARKON SHIPPING AGENCY, INC., Konkar Shipping Agencies, S.A., and Konkar Resolute Corporation.
No. 85-CA-652.
Court of Appeal of Louisiana, Fifth Circuit.
March 10, 1986.
Writ Denied May 12, 1986.
Leon Sarpy, New Orleans, C. John Caskey, Paul H. Dué, Baton Rouge, for plaintiffs-appellants.
Robert P. McCleskey, Jr., Gerard T. Gelpi, New Orleans, for defendants-appellees.
Before BOUTALL, WICKER and DUFRESNE, JJ.
DUFRESNE, Judge.
The question before us is whether the district courts of our state may, absent statutory authorization, conditionally dismiss a suit on the ground of forum non conveniens. It is our opinion that they cannot, and this case is therefore remanded for further proceedings.

FACTS
The pertinent facts are not in dispute. Plaintiffs are the survivors of two seamen, Georgios Kassapas and Andreas Lambou, who died in an accident aboard the M/V Konkar Resolute. The deaths occurred on May 29, 1980, while the vessel was in the port of Leningrad, U.S.S.R. All parties plaintiff are residents and citizens of Greece, as were the decedents.
The M/V Konkar Resolute is a Greek flag vessel. It is the sole asset of Konkar Resolute Corporation, defendant, a Liberian corporation with its principal place of business in Monrovia, Liberia. All directors, officers and shareholders of this corporation are citizens of Greece and residents of Greece or Saudi Arabia. None of these people are, or have ever been residents or citizens of the United States and the corporation has no office in this country. It does, however, maintain a bank account in New York.
Also made defendant is Konkar Shipping Agencies, S.A., a Panamanian corporation *566 with its principal place of business in Greece. All directors, officers, and stockholders are Greek citizens residing in Greece or Saudi Arabia, none are, or have ever been residents or citizens of the United States and there is no corporate office in this county. It is responsible for fixing charters, routing the vessel when not chartered, and hiring and paying the ship's crew.
The third defendant is Arkon Shipping Agency, Inc., a New York corporation, with no ownership interest in the M/V Konkar Resolute. It negotiated charters for the vessel, but had no authority to conclude such charters without approval by the vessel owners. It did, however, have authority to write checks on the vessel owner's bank account in New York for routine expenses of the vessel, and to make bunkering arrangements for the vessel when it was not under charter.
At the time of the accident the vessel was under charter to a Panamanian corporation which is not a party to this suit.

COURSE OF PROCEEDINGS
A suit based on the accident and seeking relief under the Jones Act, 46 U.S.C. 688, and general maritime law, was filed in the United States District Court, Southern District of New York. In a memorandum opinion of February 8, 1984, that court dismissed the action on the ground of forum non conveniens, noting that the defendant shipowner had agreed to appear and defend the suit in Greece, and to waive any defenses based on statutes of limitations or laches. This dismissal was affirmed in an unpublished opinion of May 23, 1984, by the United States Court of Appeals for the Second Circuit.
It appears that while the federal proceeding was pending in the court of appeals, plaintiffs learned that the vessel was within Jefferson Parish. On March 16, 1984, they commenced the present action, again urging claims based on the Jones Act and general maritime law, and noting that both the "saving to suitors" clause, 28 U.S.C. 1333(1), and the Jones Act, 28 U.S.C. 688, permit such actions in state courts. Relying on La.Code Civ.Pro. arts. 9, 3541, and 3542, they had the vessel attached. The owners posted a one million dollar bond, and the vessel was released.
The defendants filed exceptions of prescription, lack of personal jurisdiction, lack of subject matter jurisdiction, improper venue, vagueness, and forum non conveniens. They did not urge the exceptions of res judicata or lis pendens. After a hearing on the exceptions the trial court dismissed the action on the ground of forum non conveniens.[1] Because of this disposition of the case, he declared the remaining exceptions moot. Plaintiffs now appeal.
We note initially that the device of forum non conveniens is procedural, Missouri ex rel. Southern Ry Co. v. Mayfield, 340 U.S. 1, 71 S.Ct. 1, 95 L.Ed. 3 (1950). The question here is, therefore, whether this device forms a part of our procedural laws. In Trahan v. Phoenix Ins. Co., 200 So.2d 118 (La.App. 1st Cir.1967), our brethren concluded that the common law doctrine of forum non conveniens was not provided for in our laws, and that were a court to sanction this device, it would be usurping legislative authority. We also point out that the issue before the Trahan court was whether a case could be transferred from one state district court to another. By acts 1970, No. 294, § 1, the Legislature added what is now La.Code Civ.Pro. art. 123, to provide for forum non conveniens transfer from one district court to another. That article does not provide for transfer to a foreign forum, nor does it permit forum non conveniens dismissal. In this court's opinion, the Trahan holding that the common law or federal doctrine of forum non conveniens does not exist in our laws is still viable, except to the limited extent that art. 123 authorizes transfer from one district court to another within the State of Louisiana.
We find further support for our opinion in that as far as we can determine, only in *567 child custody matters are our courts empowered to conditionally dismiss or transfer cases to foreign jurisdictions, and these procedures are specifically authorized by La.R.S. 13:1706. Other than in such custody proceedings, we find no case, and none are cited by the parties, where a Louisiana court has conditionally dismissed a case or transferred it to a foreign forum on the ground of forum non conveniens.
We are aware of Smith v. Globe Indemnity Co., 243 So.2d 882 (La.App. 1st Cir. 1971), and Symeonides v. Cosmar Compania Naviera, 433 So.2d 281 (La.App. 1st Cir.1983), both of which cases indicated in dicta that forum non conveniens, transfer or dismissal beyond the narrow confines of La.Code Civ.Pro. art. 123, might be available to our courts. However, neither case was dismissed or transferred, and we do not find in those opinions a rule of law contrary to our conclusion here.
We therefore hold that the trial court erred in conditionally dismissing this case on the ground of forum non conveniens. To rule otherwise would, as noted in Trahan v. Phoenix Ins. Co., supra, "constitute judicial legislation of the rankest sort" (at 122).
We finally note that the remaining exceptions of the defendants have not yet been ruled on by the trial court, and we therefore remand the case for judgment on those exceptions, and all further proceedings consistent with this opinion.
JUDGMENT VACATED, MATTER REMANDED FOR FURTHER PROCEEDINGS.

APPENDIX

NO. 293-195

DIV. "N"

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

JUDGMENT
This matter came for a hearing on the 11th day of January, 1985, on Exceptions of Vagueness, Lack of Personal Jurisdiction, Lack of Subject Matter Jurisdiction, Improper Venue, Forum Non Conveniens and Vagueness filed by defendants, Arkon Shipping Agency, Inc., et als, against plaintiffs, Amalia Kassapas, et als.
Considering the pleadings, the law, the evidence, the argument and memoranda of counsel,
IT IS ORDERED, ADJUDGED AND DECREED, that the Exception of Forum Non Conveniens filed by defendants, Arkon Shipping Agency, Inc., et als, against plaintiffs, Amalia Kassapass, et als, be, and the same is hereby GRANTED;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that there be judgment herein in favor of defendants, Arkon Shipping Agency, Inc., et als, and against plaintiffs, Amalia Kassapas, et als, dismissing plaintiffs' Petition for Damages and for Writ of Attachment, with prejudice, and at plaintiffs' cost, provided that plaintiffs file suit in Greece against defendants within ninety (90) days of dismissal and defendants must meet the following conditions:
(1) in the Greek proceeding, defendants shall submit to service of process and jurisdiction;
(2) in the Greek proceeding, defendants shall formally waive any statute of limitations defense that has matured since the commencement of this action in the 24th Judicial District Court of the State of Louisiana;
(3) in the Greek proceeding, defendants shall formally agree to make available therein all relevant witnesses and documents within their control;
(4) in the Greek proceeding, defendants shall formally agree to satisfy any final judgment rendered by the Court; and
(5) should defendants fail to promptly meet any of these conditions, the Court shall resume jurisdiction over this case.
The other exceptions filed by defendants are, therefore, MOOT.
*568 GRETNA, LOUISIANA, THIS 30th DAY OF MAY, 1985.
 /s/ James L. Cannella
 JUDGE
NOTES
[1] See appendix for copy of the judgment.