595 So.2d 615 (1992)
William Robert MILLER, Sr.
v.
AMERICAN DREDGING COMPANY.
No. 91-C-1524.
Supreme Court of Louisiana.
March 2, 1992.
*616 Timothy J. Falcon, New Orleans, for applicant.
Thomas J. Wagner, Whitney L. Cole, Wagner & Bagot, New Orleans, Russell S. Stegeman, Gretna, for respondents.
Lawrence S. Kullman, New Orleans, David W. Robertson, Baton Rouge, for amicus curiae, Louisiana Trial Lawyers Association.
J. Dwight LeBlanc, Jr., Kenneth J. Servay, Douglas L. Grundmeyer, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, for amicus curiae, Intern. Shipping Federation & Intern. Chamber of Shipping.
George W. Healy, III, New Orleans, Kenneth H. Volk, Lizabeth L. Burrell, New York City, for amicus curiae, Maritime Law Assn.
MARCUS, Justice.
In August 1987, William R. Miller, a Mississippi resident, moved to Pennsylvania and was employed as a seaman by the American Dredging Co. (ADC), a Pennsylvania corporation with its principal place of business in Camden, New Jersey, and with a registered agent for service of process in New Orleans, Louisiana.[1] Miller was injured on the Delaware River while in the course and scope of his employment on the M/V JOHN R., a vessel owned by ADC. He received medical treatment in Pennsylvania and New York, and in February, 1988, returned to Mississippi, where he received additional treatment from physicians in the Mississippi Gulf Coast area. On December 1, 1989, Miller filed a Jones Act (46 U.S.C.App. § 688) and general maritime claim pursuant to the "saving to suitors" provision in 28 U.S.C. § 1333[2] against ADC in the Civil District Court for the Parish of Orleans. ADC filed exceptions of lack of jurisdiction in personam and, alternatively, forum non conveniens. The trial court denied the exception of lack of jurisdiction in personam, but granted the exception of forum non conveniens and ordered the matter dismissed "subject to the right of plaintiff to pursue this claim in a court of competent jurisdiction in Pennsylvania." Miller appealed. The court of appeal affirmed.[3] Upon Miller's application, we granted certiorari to consider the correctness of that decision.[4]
The sole issue before us is whether a Louisiana court in a Jones Act/general maritime case is required to apply the federal forum non conveniens law.[5]
Forum non conveniens is a doctrine by which a court "may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). The doctrine has been recognized in federal admiralty law since at least 1801. Bickel, The Doctrine of Forum Non Conveniens as Applied in the Federal Courts in Admiralty, 35 Cornell L.Q. 12 (1949). The modern form of the doctrine in federal courts originated in 1947 in the Gilbert case, and this federal doctrine has been adopted by thirty-two states and the District of Columbia. Robertson & Speck, *617 Access to State Courts in Transnational Personal Injury Cases: Forum Non Conveniens and Antisuit Injunctions, 68 Tex. L.Rev. 937, 950 (1990). By contrast, Louisiana courts have refused to apply the common law doctrine of forum non conveniens, finding it "foreign to our jurisprudence." Trahan v. Phoenix Insurance Co., 200 So.2d 118 (La.App. 1st Cir.1967). After Trahan, the legislature enacted article 123 of the Code of Civil Procedure. That article, in its present form, provides:
Art. 123. Forum non conveniens
A. For the convenience of the parties and the witnesses, in the interest of justice, a district court upon contradictory motion, or upon the court's own motion after contradictory hearing, may transfer a civil case to another district court where it might have been brought; however, no suit brought in the parish in which the plaintiff is domiciled, and in a court which is otherwise a court of competent jurisdiction and proper venue, shall be transferred to any other court pursuant to this Article.
B. Except as provided in Paragraph C, upon the contradictory motion of any defendant in a civil case filed in a district court of this state in which a claim or cause of action is predicated solely upon a federal statute and is based upon acts or omissions originating outside of this state, when it is shown that there exists a more appropriate forum outside of this state, taking into account the location where the acts giving rise to the action occurred, the convenience of the parties and witnesses, and in the interest of justice, the court may dismiss the suit without prejudice; however, no suit in which the plaintiff is domiciled in this state, and which is brought in a court which is otherwise a court of competent jurisdiction and proper venue, shall be dismissed pursuant to this Article. In the interest of justice, and before the rendition of the judgment of dismissal, the court shall require the defendant or defendants to file with the court a waiver of any defense based upon prescription, provided that a suit on the same cause of action is commenced in a court of competent jurisdiction within sixty days from the rendition of the judgment of dismissal.
C. The provisions of Paragraph B shall not apply to claims brought pursuant to 46 USC § 688 [the Jones Act] or federal maritime law.

[Emphasis added].
Louisiana courts may not dismiss cases for forum non conveniens except as provided in this article. Fox v. Board of Supervisors, 576 So.2d 978 (La.1991).
A clear reading of article 123(C) leads to the conclusion that the doctrine of forum non conveniens is specifically made unavailable in a Jones Act or maritime law case. That was the holding of this court in Markzannes v. Bermuda Star Line, 545 So.2d 537 (La.1989) (per curiam), cert. denied, 493 U.S. 1043, 110 S.Ct. 837, 107 L.Ed.2d 832 (1990), and the court of appeal in Kassapas v. Akron Shipping Agency, Inc., 485 So.2d 565 (La.App. 5th Cir.1986), writ denied, 488 So.2d 203 (La.1986), cert. denied, 479 U.S. 940, 107 S.Ct. 422, 93 L.Ed.2d 372 (1986). However, the lower courts in the instant case chose not to rely on those precedents, finding instead that the doctrine of forum non conveniens is a "characteristic feature of the general maritime law" governed by federal, rather than state, law. In support, the court of appeal cited the federal Fifth Circuit's opinions in Ikospentakis v. Thalassic S.S. Agency, 915 F.2d 176 (5th Cir.1990), and Exxon Corp. v. Chick Kam Choo, 817 F.2d 307 (5th Cir. 1987), rev'd on other grounds, 486 U.S. 140, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988).
As a general proposition, a maritime claim brought in state courts is governed by the same principles as govern actions brought in admiralty, i.e., federal maritime law. Green v. Industrial Helicopters, 593 So.2d 634 (La.1992) (citing Powell v. Offshore Navigation, Inc., 644 F.2d 1063, 1065 n. 5 (5th Cir.1981)). However, it is well settled that a state court, having concurrent jurisdiction with the federal courts as to in personam admiralty claims, is free to adopt such remedies, and to attach to them such incidents as it sees fit so long as it does not attempt to make *618 changes in the substantive maritime law. Offshore Logistics v. Tallentire, 477 U.S. 207, 106 S.Ct. 2485, 91 L.Ed.2d 174 (1986); Red Cross Line v. Atlantic Fruit Co., 264 U.S. 109, 44 S.Ct. 274, 68 L.Ed. 582 (1924); Lavergne v. Western Co. of North America, 371 So.2d 807 (La.1979). Thus, the focus of our inquiry must be whether the doctrine of forum non conveniens is a fundamental feature of admiralty law, such that our contrary state law rule would be preempted.
Although the United States Supreme Court has yet to address the doctrine of forum non conveniens in a Jones Act/admiralty case, we find that the Court has addressed the doctrine in the context of the Federal Employers' Liability Act (FELA). In Southern R. Co. v. Mayfield, 340 U.S. 1, 71 S.Ct. 1, 95 L.Ed. 3 (1950), the Supreme Court addressed the issue of whether Missouri could apply its forum non conveniens rule in the context of a FELA claim brought in a Missouri state court. In finding that the state rule could apply, the Court stated:
According to its own notions of procedural policy, a State may reject, as it may accept, the doctrine [of forum non conveniens] for all causes of action begun in its courts. If denial of a motion to dismiss an action under the Federal Employers' Liability Act is rested on such a general local practice, no federal issue comes into play.
340 U.S. at 3, 71 S.Ct. at 2.
Since the Jones Act is based upon and incorporates by reference the FELA, Garrett v. Moore-McCormack Co., 317 U.S. 239, 63 S.Ct. 246, 87 L.Ed. 239 (1942), we find this case persuasive in the matter before us.
Likewise, we find it instructive to look to the decisions of the federal courts sitting in diversity actions. Under Erie v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the federal courts in diversity actions must apply state substantive law and federal procedural law. In In re Air Crash Disaster Near New Orleans, La., 821 F.2d 1147 (5th Cir.1987), vacated on other grounds and remanded, 490 U.S. 1032, 109 S.Ct. 1928, 104 L.Ed.2d 400 (1988), reinstated in pertinent part, 883 F.2d 17 (5th Cir.1989), the court was faced with the issue of whether to apply the state or federal forum non conveniens law in a diversity action. The court held that a federal court in diversity was required to apply the federal forum non conveniens law:
We hold that the interests of the federal forum in self-regulation, in administrative independence, and in self-management are more important than the disruption of uniformity created by applying federal forum non conveniens in diversity cases.
821 F.2d at 1159.
The Eleventh Circuit reached a similar result in Sibaja v. Dow Chemical Co., 757 F.2d 1215 (11th Cir.1985), finding that forum non conveniens was not a part of the state substantive law for Erie purposes:
The forum non conveniens doctrine is a rule of venue, not a rule of decision.... In contrast, "rules of decision" are the "substantive" law of the state, the "legal rules [which] determine the outcome of a litigation." [citation omitted].
757 F.2d at 1219.
Under the so-called "reverse-Erie" doctrine approved by the Court in Offshore Logistics v. Tallentine, 477 U.S. 207, 223, 106 S.Ct. 2485, 2494, 91 L.Ed.2d 174 (1986), these cases suggest that the forum non conveniens doctrine should not be considered part of the substantive federal admiralty law in a "saving to suitors" case, any more than the doctrine is part of the state substantive law for Erie purposes. See Speck, Forum Non Conveniens and Choice of Law in Admiralty: Time for an Overhaul, 18 J. of Mar.L. & Com. 185, 199 (1987). Further, the interests of self-regulation, administrative independence, and self-management which have influenced the federal courts to apply federal forum non conveniens in diversity cases are equally applicable to the Louisiana's interest (as expressed by our legislature in La.Code Civ.P. art. 123) in applying the state forum non conveniens rule in Jones Act/general maritime cases.
*619 Turning to the facts of the present case, we see nothing which would lead us to believe the application of our state forum non conveniens rule deprives the litigants of a substantive right under the federal maritime law. Clearly, application of our state rule will not be outcome determinative of the case, since the law of the case (Jones Act and general maritime law) will be identical, whether the case is heard in Louisiana or Pennsylvania.[6] Louisiana has jurisdiction over the case, and Louisiana courts have an interest in the matter, since defendant has done work in the state in the past and maintains an agent for service of process here. Thus, the only interest of defendant affected by the application of our state procedure is one of convenience. We find this interest by itself does not rise to the level of a substantial right.
In sum, we find that the doctrine of forum non conveniens is not a substantive feature of the general maritime law. Accordingly, we find application of Louisiana's forum non conveniens rule is not preempted by federal admiralty law. Since our procedural rule precludes dismissal of this Jones Act/general maritime case on the ground of forum non conveniens, the lower courts erred in holding otherwise.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed. The exception of forum non conveniens is overruled. The case is remanded to the district court for further proceedings in accordance with law.
LEMMON, J., subscribes to the opinion, yielding to the legislative exemption of Jones Act cases from the narrow forum non conveniens dismissal allowed in La. Code Civ.Proc. art. 123B.
NOTES
[1] ADC had not done any dredging business in Louisiana since 1983; however, it maintains an agent for service of process in New Orleans in order to preserve its right to bid on Army Corps of Engineers projects.
[2] 28 U.S.C. § 1333 provides in pertinent part:

The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled. [emphasis added]
[3] 580 So.2d 1091 (La.App. 4th Cir.1991).
[4] 587 So.2d 684 (La.1991).
[5] We note at the outset that the facts of the instant case would not present an issue of forum non conveniens for the federal courts, since they could transfer (as opposed to dismiss for forum non conveniens) the case pursuant to 28 U.S.C. § 1404(a):

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.
Our state courts have no such mechanism to transfer the case out of the state, and their only option is dismissal of the case. Thus, the question before us is one of dismissal for forum non conveniens, not transfer.
[6] In theory, forum non conveniens should never be outcome determinative. For example, if federal choice of law principles mandated that Greek law applies to a case, both a Louisiana court and a federal court would apply Greek law, although the federal court would have the option of dismissing the case under forum non conveniens to allow it to be re-filed in Greece. Nonetheless, the law of the case, whether applied by a Louisiana court, a federal court, or a Greek court would be Greek law. In practice, however, a forum non conveniens dismissal can be outcome determinative in one unique situation: where federal choice of law principles determine that American law applies, but where there is no realistic chance that a foreign court would apply American law to the case. Edelman. Forum Non Conveniens: Its Application in Admiralty Law, 15 J. of Mar.L. & Com. 517, 530 (1984). The federal circuits have split on whether such a case may ever be dismissed on forum non conveniens. The Ninth, Tenth, and Eleventh Circuits have refused to dismiss cases for forum non conveniens if American law (i.e., the Jones Act), applies. See Zipfel v. Halliburton Co., 832 F.2d 1477 (9th Cir.1987); Needham v. Phillips Petroleum Co. of Norway, 719 F.2d 1481 (10th Cir.1983); Szumlicz v. Norwegian American Lines, Inc., 698 F.2d 1192 (11th Cir.1983). See also LaSerguridad v. Transytur Line, 707 F.2d 1304, 1310 n. 10 (11th Cir.1983). By contrast, the Second Circuit in Cruz v. Maritime Co. of Philippines, 702 F.2d 47 (2d Cir.1983), found that the doctrine of forum non conveniens applied to a Jones Act case. The Fifth Circuit initially agreed with the majority view, and held a federal court was required to retain jurisdiction in a Jones Act case. See Nichol v. Gulf Fleet Supply Vessels, Inc., 743 F.2d 289 (5th Cir.1984). However, in In re Air Crash Disaster Near New Orleans, La., 821 F.2d 1147 n. 25 (5th Cir.1987), vacated on other grounds and remanded, 490 U.S. 1032, 109 S.Ct. 1928, 104 L.Ed.2d 400 (1988), reinstated in pertinent part, 883 F.2d 17 (5th Cir.1989), the court in a footnote to a non-Jones Act case disapproved its prior line of cases and applied forum non conveniens to Jones Act cases.

By not allowing for any forum non conveniens dismissals, our state law rule avoids ever creating a situation where the dismissal may be outcome determinative. We also note that our state rule is in accord with the majority of the federal circuits.