GOLDEN CHALLENGER
MARINERA S.A.

v.

Raphael SPALIERIS.

Civ. A. No. 92–1565.

United States District Court,
E.D. Louisiana.

Aug. 5, 1992.

### ORDER AND REASONS

FELDMAN, District Judge.

Before the Court is defendant's motion to dismiss the plaintiff's complaint for a declaratory judgment and injunctive relief. For the reasons that follow, defendant's motion is GRANTED.

### BACKGROUND

Raphael Spalieris, a citizen of Greece, was a second mate seaman crew member aboard the M/V Golden Challenger, a Panamanian vessel owned and operated by Golden Challenger Marinera S.A., a Panamanian corporation. On July 14, 1991, the Golden Challenger was in Maceio, Brazil when Spalieris's job duties sent him to shore. Spalieris returned to the Golden Challenger on a motor launch and began to climb the pilot's ladder to board the ship. Plaintiff contends that while he was going up the ladder he was suddenly and without warning thrown from the ladder and crushed between the motor launch and the Golden Challenger.

Spalieris filed a lawsuit in state court under the Jones Act, 46 U.S.C.App. § 688, the general maritime law of unseaworthiness, and Panamanian law to recover for his injuries from the accident. The Golden

Challenger, then at the port of New Orleans, was arrested pursuant to a nonresident writ of attachment under La.Code Civ.P. art. 3541(5).

Thereafter, Golden Challenger filed a complaint for a declaratory judgment in this Court asking that, among other things: (1) Greek law governs this case; (2) La. Code Civ.P. art. 123 is unconstitutional because, to the extent that it deprives defendants in maritime cases of the forum non conveniens defense, it is preempted by federal maritime law, which recognizes the defense; (3) that Spalieris has no cause of action under the Jones Act or the general maritime law; and (4) that the forum selection and choice of law provisions in Spalieris' employment contract are valid and enforceable. The vessel also asks the Court to enjoin the pending state court proceeding.

Finally, Golden Challenger removed the state case to this Court and simultaneously filed a motion to consolidate the removed case with the declaratory judgment proceeding, a motion to dismiss Spalieris's claim for lack of personal jurisdiction and a motion to dismiss Spalieris's case for forum non conveniens. Spalieris then filed a motion to remand his case to the state court. This Court held that it had personal jurisdiction over Golden Challenger, and granted Spalieris' motion to remand. Spalieris now moves to dismiss Golden Challenger's complaint for a declaratory judgment and injunctive relief.

### LAW AND APPLICATION

#### I.

■ Preliminarily, it must be noted that the Court cannot freely enjoin state court litigation in favor of some perceived federal interest. According to the Anti–Injunction Act, 28 U.S.C. § 2283:

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

The Act should be strictly construed. Not only is "an injunction staying state proceedings ... proper only if it falls within one of the statutory exceptions," *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146, 108 S.Ct. 1684, 1689, 100 L.Ed.2d 127 (1988), but the three exceptions are "not [to] be enlarged by loose statutory construction." *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 287, 90 S.Ct. 1739, 1743, 26 L.Ed.2d 234 (1970).

■ The vessel's argument for an injunction is driven by the Louisiana Supreme Court's questionable interpretation of Article 123 of the Louisiana Code of Civil Procedure as precluding forum non conveniens as a defense to a Jones Act/general maritime law claim in a Louisiana court. *See Miller v. American Dredging Co.*, 595 So.2d 615, 619 (La.1992). The argument made is that the state court should be enjoined by this Court from continuing with the suit because the application of Article 123 as construed by the Louisiana Supreme Court is preempted by the federal maritime law. *See Exxon Corp. v. Chick Kam Choo*, 817 F.2d 307, 324 (5 Cir.1987), *rev'd on other grounds* 486 U.S. 140, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988) ("[S]tate courts *must* apply the *forum non conveniens* rule of the general maritime law in any case brought before them by citizens of foreign lands over which the federal courts would have admiralty jurisdiction." (emphasis in original)); *see also Ikospentakis v. Thelassic S.S. Agency*, 915 F.2d 176, 180 (5 Cir.1990) (reaffirming the principle that "a federal maritime defense of *forum non conveniens* is constitutionally supreme in a maritime or Jones Act case over state laws that do not recognize this doctrine").

■ The U.S. Supreme Court repudiated such an argument in *Atlantic Coast Line* when it observed:

[A] federal court does not have inherent power to ignore the limitations of § 2283 and to enjoin state court proceedings merely because those proceedings interfere with a protected federal right or *invade an area preempted by federal*

*law, even when the interference is unmistakably clear....* This conclusion is required because Congress itself set forth the only exceptions to the statute, and those exceptions do not include this situation.

*Atlantic Coast Line,* 398 U.S. at 294–95, 90 S.Ct. at 1747 (emphasis supplied). Thus, the contention that Article 123 as interpreted by the Louisiana Supreme Court is preempted by federal maritime law, even if correct, does not support a claim that this Court could or should enjoin the state case. Even if the state court's application of Article 123 threatens plaintiff's federal right to a forum non conveniens defense, § 2283 restrains this Court from enjoining the state litigation. *Id.* As *Chick Kam Choo* teaches, "when a state proceeding presents a federal issue, even a preemption issue, the proper course is to seek resolution of that issue by the state court." *Chick Kam Choo,* 486 U.S. at 149–50, 108 S.Ct. at 1691.[1] The reason is clear: it preserves our state-federal structure and recognizes the obligation of state courts, as well as lower federal courts, to properly discharge their federal constitutional responsibilities.

## II.

■ The Court turns now to plaintiff's request for a declaratory judgment. The Declaratory Judgment Act, 28 U.S.C. § 2201(a) provides in part:

> In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and

effect of a final judgment or decree and shall be reviewable as such.

But "a district court 'is not required to provide declaratory judgment relief, and it is a matter for the district court's sound discretion whether to decide a declaratory judgment action.' " *Rowan Companies, Inc. v. Griffin,* 876 F.2d 26, 28 (5 Cir.1989) (quoting *Mission Ins. Co. v. Puritan Fashions Corp.,* 706 F.2d 599, 601 (5 Cir.1983)).

In *Rowan* the Fifth Circuit instructed that in exercising its discretion under the Act, a district court should consider a number of factors:

> For example, declaratory judgment relief may be denied because of a pending state court proceeding in which the matters in controversy between the parties may be fully litigated, because the declaratory complaint was filed in anticipation of another suit and is being used for the purpose of forum shopping, because of possible inequities in permitting the plaintiff to gain precedence in time and forum, or because of inconvenience to the parties or the witnesses.

*Rowan, supra,* at 29 (citations omitted). *Rowan* guides this Court's conclusion, although it should be underscored that the Court does not believe forum shopping in the traditional sense was at the bottom of the vessel's strategy.

## A.

■ Moreover, "[i]f an injunction would be barred by § 2283, this should also bar the issuance of a declaratory judgment that would have the same effect as an injunction." *Jackson, supra,* at 506 (internal quotation omitted). As the Fifth Circuit concluded, a declaratory judgment nearly

---

**1.** Counsel are reminded that "state courts ... are presumed competent to resolve federal issues." *Chick Kam Choo, supra,* at 150, 108 S.Ct. at 1691. The vessel interests, however, complain that it would be fruitless to advance a federal forum non conveniens defense in Louisiana state court given the unequivocal holding of *Miller.* The traditional response to such arguments is that if state courts do not adequately protect federal rights review may be sought in the United States Supreme Court. *See Texas Employers' Ins. Association v. Jackson,* 862 F.2d 491, 509 (5 Cir.1988) (en banc), *cert. denied,* 490

U.S. 1035, 109 S.Ct. 1932, 104 L.Ed.2d 404. However, it is arguable that this backstop of Supreme Court review may now be illusory. *Id.* (Rubin, J. concurring). This is primarily because review is essentially no longer available by appeal and writs are discretionary and sparingly granted. *Id.* The Court recognizes these problems. But as the concurring opinion suggested in *Jackson,* it is for Congress and not the courts to expand the reach of the Anti–Injunction Act if changes in the statutory and jurisprudential landscape seem to have made the Act unduly restrictive. *Id.*

always will have precisely the same effect on the state proceedings as an injunction:

A federal declaratory judgment will, of course, be *res judicata* of the state suit, thus resolving it as surely as an injunction, and in any event the declaratory judgment can itself be enforced by injunction under 28 U.S.C. § 2202 pursuant to the "protect of effectuate" exception to section 2283.

*Id.* at 505. To allow declaratory relief when § 2283 bars an injunction would, therefore, reduce the Anti–Injunction Act "to an anachronistic, minor technicality, easily avoided by mere nomenclature or procedural sleight of hand." *Id.*

Thus, because the Court has held that § 2283 restricts its authority to enjoin the state court case, the Court likewise will not give declaratory relief that Article 123 is preempted by the federal maritime forum non conveniens doctrine. If the Court were to impose forum non conveniens on the state court by declaratory judgment, it would be resolving the issue as surely as if it had issued an injunction. The Louisiana courts have the responsibility to correct their apparent error, subject to final oversight by the U.S. Supreme Court; that the federal route might be a less hazardous one does not authorize this Court to step in. Thus, § 2283's prohibition requires the Court to decline to exercise its jurisdiction under the Declaratory Judgment Act. *Id.* at 506.[2]

### B.

The remaining claims for declaratory relief are more easily resolved.

In this case, it is clear that the state suit involves the same facts and virtually identical issues as in the declaratory complaint. In his state court petition, Spalieris seeks damages under the Jones Act and the general maritime law of the United States, as well as under the laws of Panama. In the declaratory suit, on the other hand, the vessel seeks determinations that Greek law exclusively governs this case; that Spalieris has no cause of action under the general maritime law and the Jones Act and that the forum selection and choice of law clauses in his employment contract are valid and enforceable.

In sum, the vessel is merely asking the Court to resolve by declaratory judgment the precise issues presented in the state litigation. The *Rowan* court held that when a state proceeding is pending in which all the issues presented in the federal declaratory suit can be fully litigated, a district court may decline to exercise its § 2201 jurisdiction. *See Rowan,* 876 F.2d at 29. Everything contested here in the declaratory judgment suit can be fully and adequately litigated in the state proceeding. Therefore, dismissal of the federal declaratory action is proper.

Accordingly, the motion to dismiss the complaint for a declaratory judgment and injunctive relief is GRANTED.

---

2. Of course, the dismissal of the declaratory claim is without prejudice to plaintiff's right to present its preemption arguments to the state trial court subject to review by the state appellate courts and the United States Supreme Court. *See Jackson, supra,* at 508–09. Although the arguments may be fruitless in Louisiana courts, when they should not be, and Supreme Court review is certainly not easily obtained, in *Jackson* the Fifth Circuit clearly held, en banc, that this is how preemption claims must be pursued when state litigation threatens federal rights.